### JETER v. JONES.

FISH, C. J.  1. Where in a proceeding brought for the purpose of cancel- ing a deed the plaintiff sought to prove that the maker was mentally incompetent to contract, and also that undue influence was exercised in its procurement, there was no error against the plaintiff in charging as to both grounds; and although the judge dealt with each separately, and in charging as to one used expressions which, taken alone, might have indicated that the jury should find for the plaintiff or the defend- ant according as they should determine that issue, yet when he charged in regard to each ground as affecting the validity of the deed, and from the entire charge it does not appear probable that any harm was done to the excepting party, no reversal will result.

2. On an issue of whether or not a deed was procured by undue influence, evidence of statements of the maker of the deed to the effect that the grantee, who was her son, was worrying her a great deal, trying to get her to make him a deed to the land, and of a later statement that she had made the deed to him and supposed that he was satisfied, were not admissible.

(a) It was contended that such statements were admissible as throwing light on the mental capacity of the maker, but it is not stated in the motion for a new trial that they were offered for that purpose; nor does it appear that they would have been admissible in this case in behalf of the plaintiff, had they been so offered.

3. Where, after they had retired for consideration of the case, the jury re- turned and requested a recharge on a certain question, it was not error that the judge, after instructing them on that subject, did not strictly

confine himself to it, but also charged on another issue in the case. *Parker* v. *Georgia Pacific Ry. Co.*, 83 *Ga.* 539 (8), 548 (10 S. E. 233).

4. In view of the evidence and the general charge, none of the other grounds of the motion for a new trial requires a reversal.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

AUGUST 10, 1910.

Complaint for land. Before Judge Edwards. Haralson superior court. July 7, 1909.

*Griffith & Matthews,* for plaintiff.

*J. S. Edwards* and *Lloyd Thomas,* for defendant.