## Marcus *v.* The State.

Fish, C. J. 1. It was not error in this case to charge the jury as follows: "The law presumes every killing to be malicious until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence against him." *Godfrey* v. *State*, 135 *Ga.* 571 (69 S. E. 1080).

2. Nor did the court err in charging the jury in the language of the Penal Code, § 70, defining "justifiable homicide," and in immediate connection therewith giving in charge the language of § 71, as to "reasonable fears."

3. The statement by the court to the jury as to the contention of the defendant was not "unfair" to him.

4. The court instructed the jury as follows: "I charge you, after considering the facts and circumstances of the case, if you believe to a moral and reasonable certainty and beyond a reasonable doubt the truth to be that the deceased, Norris, had been invited by the defendant to visit his house, and the deceased, in company with a man who stayed at defendant's house, went to defendant's house with no evil intent, manifest or apparent, went on the veranda to the house, and offered no violence of any kind to it or any inmate of the house, and the defendant unlawfully and with no apparent reason shot and killed deceased, Norris,—if that be true, such killing would be murder." *Held*, that this instruction was not erroneous for either of the following reasons:

14

"1. Because said charge is not the law, and is not applicable to the facts in the case, and was not authorized by the evidence or the statement of the defendant. 2. Because it is an assumption of the facts therein stated, not borne out by evidence, nor by defendant's statement. Therefore it is an expression of opinion by the court as to what the evidence shows."

5. The court may, in its discretion, recharge the jury without a. request from them. See *Parker* v. *Ga. Pac. Ry. Co.*, 83 *Ga.* 539 (8) (10 S. E. 233) ; *Jeter* v. *Jones*, 135 *Ga.* 22 (3) (68 S. E. 787). The portions of the recharge excepted to were not erroneous for any reason stated.

6. The court, in asking a witness, "Do you know how he [the decedent] got shot in the back of his head, if he was?" did not express an opinion that decedent was shot in the back of his head. Nor was the examination of the witness, as set out in the twelfth ground of the motion for new trial, "calculated to unduly impress the jury in favor of the State and prejudice them against the defendant." "The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion." *Gillis* v. *Bowman*, 132 *Ga.* 762 (64 S. E. 1096) ; *Williams* v. *State*, 147 *Ga.* 440 (94 S. E. 553).

7. The court permitted a witness for the State to testify that "she [defendant's wife] was begging Grant [the defendant] not to shoot." The witness testified that immediately before the defendant shot the deceased the defendant's wife was begging him not to shoot. This evidence was not inadmissible on the ground that the wife was not competent to testify for or against her husband in the case. See *Knight* v. *State*, 114 *Ga.* 48 (39 S. E. 928, 88 Am. St. R. 17), and authorities cited; *Williams* v. *State*, 139 *Ga.* 591 (77 S. E. 818) ; *Bexley* v. *State*, 141 *Ga.* 1 (4, 5) (80 S. E. 314) ; *Dunham* v. *State*, 8 *Ga. App.* 668 (3) (70 S. E. 111) ; State *v.* Lasecki, 90 Ohio St. 10 (106 N. E. 660, Ann. Cas. 1916C, 1182, L. R. A. 1915E, 202, 204, and note, and the numerous cases there cited in support of the rule that "Res gestæ declarations of husband and wife are admissible for or against each other, although each may be incompetent to testify as a witness in the case").

8. It was not error to fail to give the law of voluntary manslaughter, as neither the evidence nor the prisoner's statement authorized an instruction on that subject. Even if the statement alone had authorized such a charge, the failure to give it, in the absence of a timely and proper written request, would not have been error.

9. The evidence authorized the verdict, and the court did not err in refusing a new trial.     *Judgment affirmed. All the Justices concur.*

No. 1290.  JUNE 14, 1919.

Indictment for murder. Before Judge Jones. Stephens superior court. December 4, 1918.

*J. J. & Sam. Kimzey* and *Fermor Barrett,* for plaintiff in error.
*Clifford Walker, attorney-general, Joseph G. Collins, solicitor-general, Robert McMillan, Davis & Davis,* and *M. C. Bennet,* contra.