## BOZEMAN *v.* THE STATE.

GEORGE, J. 1. It was not error in this case to charge the jury as follows: "The law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent upon the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him." *Marcus* v. *State,* 149 *Ga.* 209 (99 S. E. 614).

2. Nor was it error, under the facts of the case, to charge the jury as follows: "You will note, from the definition of justifiable homicide just given you, that it is not justifiable to kill a human being to prevent a misdemeanor being committed on the person of the slayer or the slayer's son, or prevent a misdemeanor or mere trespass being committed on the property of the slayer, but justifiable only when such killing is done to prevent a felony being committed on the person of the slayer or the slayer's son, or on the property of the slayer."

3. The plaintiff in error and his son were jointly indicted for the homicide of John Howell. The court instructed the jury as follows: "As I have heretofore stated, the only defendant on trial now is [the plaintiff in error]; therefore your verdict should name that particular defendant. I have written some forms of verdict for your use and information, and shall have them handed to you, and you can select from these forms that particular form which conforms to your finding." The error assigned is that "the presiding judge can not aid the jury in finding a verdict by sending them the written forms, but he must charge the jury, and the jury must depend upon their memory." It does not appear that the forms of the verdict, as prepared by the court, were sent to the jury. If they were sent, no objection was interposed by the plaintiff in error or his counsel at the time. The exception to the charge is therefore without merit, even if in any case it is erroneous to furnish correct written forms of the verdict to the jury. Cf. *Chattahoochee Brick Co.* v. *Sullivan*, 86 *Ga.* 50 (6), 67 (12 S. E. 216).

4. None of the assignments of error show cause for reversal. The verdict is supported by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 2020.     NOVEMBER 11, 1920.

Indictment for murder. Before Judge Graham. Bleckley superior court. March 20, 1920.

*M. H. Boyer, C. A. Weddington,* and *John R. Cooper,* for plaintiff in error.

*R. A. Denny, attorney-general, W. A. Wooten, solicitor-general, Graham Wright, C. W. Griffin,* and *J. M. Bleckley,* contra.