## JORDAN v. THE STATE.

No. 10711. AUGUST 8, 1935.

*M. F. Adams* and *E. J. Summerour Jr.*, for plaintiff in error.

*M. J. Yeomans, attorney-general, C. S. Baldwin Jr., solicitor-general, B. D. Murphy, J. T. Goree, E. J. Clower,* and *R. C. Jenkins,* contra.

BECK, Presiding Justice. Cora May Jordan was indicted for the murder of her husband, Frank Jordan, it being alleged that she maliciously killed the deceased by shooting him with a shotgun. The jury returned a verdict of guilty, with a recommendation to mercy. The defendant made a motion for a new trial, which was overruled, and she excepted. The motion contained the general grounds, and a special assignment of error was based on the admission of evidence as to what the deceased said when a witness came into the room where he lay mortally wounded. The evidence in the case is quite voluminous, much of it being the testimony given by a physician who saw the deceased soon after he was shot and who testified as to the character of the wound and the range the shot fired took. There is no question that the deceased died from the effects of the shot, and died in a short time. In a few

minutes after the shot was fired, certain persons living near the house in which the deceased lived ran hastily to the room where he was lying fatally wounded. Leroy Griffin testified that when he went in the deceased was crying, "Oh, Lordy, Cora May done shot me." Three witnesses testified to practically the same thing. Certain witnesses introduced by the defendant said that he did not use the expression, "Cora May done shot me," and there was a conflict in the evidence on this subject.

■ The testimony by Leroy Griffin, just stated, was objected to upon the ground that it was in effect allowing the deceased to testify against his wife in a criminal case, and that a husband is incompetent to testify against his wife in a criminal case; and also on the ground that the proper foundation had not been laid by showing that the deceased was aware that he was in articulo mortis. There is no merit in these objections. In the first place, the statute now provides that husband and wife shall not be competent to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable, to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed, upon the person of either by the other. Code of 1933, § 38-1604. In view of this statute, even if allowing the witness to testify as to what the husband said was in effect allowing him to give evidence against his wife in a criminal case, the evidence was not objectionable upon the ground taken. But this evidence was clearly admissible as a part of the res gestæ. This court held in *Marcus* v. *State*, 149 *Ga.* 209 (7) (99 S. E. 614), that res gestæ declarations of husband and wife are admissible for or against each other, although each may be incompetent to testify as a witness in the case. In view of this decision and in view of the statute, there is no merit in the objection to this evidence.

■ The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*