### COBB *v.* THE STATE.

No. 12067.  JANUARY 12, 1938.  REHEARING DENIED FEBRUARY 18, 1938.

*Paul H. Field,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. H. Paschall, solicitor-general, E. J. Clower,* and *D. M. Parker,* contra.

ATKINSON, Presiding Justice.  Norris Cobb was indicted for murder of Charlotte Cobb, committed on January 19, 1937, by beating her with certain sticks and other blunt instruments the nature and description of which were to the grand jurors unknown. The evidence tended to show that the person slain was the wife of defendant, and that the homicide was committed in a room occupied

by the couple in the dwelling of Joe Brown and his wife Ada Brown, the latter being the mother of the slain woman. The injury was inflicted Tuesday morning after the Browns had temporarily left their home. The woman died the ensuing Thursday night. There was no eye-witness. The defendant denied commission of the crime or knowledge of the offender. The jury returned a verdict finding the defendant guilty, without a recommendation. His motion for a new trial was overruled, and he excepted.

1. If a question sought to elicit and the answer stated a conclusion of the witness, for which reason both were objectionable, the admission of such evidence did not require the grant of a new trial, where the witness stated the facts upon which the conclusion was based. *Robinson* v. *State*, 158 *Ga.* 47 (2) (122 S. E. 886); *Ray* v. *State*, 142 *Ga.* 655 (3) (83 S. E. 518). A witness for the State testified that between 7:30 and 8 o'clock Tuesday morning he went to the Brown dwelling, and only the defendant and his wife were there; the witness walked up on the porch and knocked at the door; the wife appeared and said the defendant "was in;" witness told her he wanted to buy a quart of liquor; defendant was then "lying on his bed;" about that time defendant said, "I am going to raise——;" witness left the house and stood outside about 15 or 20 steps from the house, and from that position he heard "a lot of racket in the room, and noise." "It was a noise like two people fighting in there." Under application of the above-stated principles, there is no merit in the assignments of error on the admission of the foregoing testimony as to what witness heard, the ground of objection being that the testimony was only a conclusion of the witness.

2. "The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion." *Marcus* v. *State*, 149 *Ga.* 209 (6) (99 S. E. 614); *Johnson* v. *State*, 169 *Ga.* 814 (2) (152 S. E. 76). The complaint of the action of the judge in propounding questions to the above-mentioned witness, and eliciting answers, shows no error on the ground, as contended, that the judge acted without his province, and intimated to the jury that the court was adverse to the movant.

3. "In the trial of a murder case, if at the time of making dec-

larations the condition of the wounded party making them, the nature of his wounds, the length of time after making the declarations before he expired, and all the circumstances make a prima facie case that he was in the article of death and conscious of his condition when he made the declarations, such declarations should be admitted in evidence by the court, under proper instructions to the jury." *Jones* v. *State,* 130 *Ga.* 274 (2) (60 S. E. 840); Code of 1933, § 38-307; *Sisk* v. *State,* 182 *Ga.* 448, 453 (185 S. E. 777) ; *Cooper* v. *State,* 182 *Ga.* 42 (184 S. E. 716, 104 A. L. R. 1309)-, and cit. The assignments of error on the admission of certain questions and answers of witnesses, relating to declarations of the injured person, made out of the presence of the defendant, do not show error on the ground of improper admission of hearsay evidence.

4. "When a husband is on trial for the alleged murder of his wife, evidence tending to show a long course of ill treatment and cruelty on his part toward her, continuing until shortly before the homicide, is admissible. Such evidence tends to show malice and motive, and to rebut the presumed improbability of a husband murdering his wife." *Roberts* v. *State,* 123 *Ga.* 146 (5) (51 S. E. 374). Under application of the foregoing principle, the admission of evidence and refusal to rule out evidence as to previous assaults by the defendant upon his wife, as complained of in grounds 6, 7, and 8 of the motion for a new trial, was not erroneous.

5. Grounds 9-12 were expressly abandoned in the brief for the plaintiff in error, and no ruling will be made with reference to them.

6. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*