SMITH v. THE STATE.

No. 15969. OCTOBER 23, 1947.

*Robert B. Short* and *R. L. LeSueur,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. L. Forrester, Solicitor-General, H. B. Williams,* and *Margaret Hartson,* contra.

HEAD, Justice. (After stating the foregoing facts.) 1. While all of the admissions of the defendant in this case were coupled with explanations of the killing which might be sufficient, if believed, to justify the defendant, or to reduce the crime to voluntary manslaughter, the State introduced circumstantial evidence which disproved the theory that the defendant shot the deceased while he was coming toward him with a beer bottle. All of the wounds were in the back of the deceased, and one of the bullet wounds was made after death, according to the testimony of the physicians attending the autopsy. Such evidence would refute the defendant's statement that the deceased was attacking him at the time he shot. The statement of the defendant that an employee in his place of business hit the deceased over the head with a beer bottle, and the deceased wiped his head on a blouse found at the defendant's place of business, was contradicted by the testimony of Dr. Jones that the blood spots on the blouse and those on the clothing of the deceased could not have been the same type and made at approximately the same time, because the blood on the blouse could not be typed, while that on the clothing of the deceased was type "A." Other statements of the defendant were contradicted by the evidence for the State.

The jury in passing upon an incriminating admission may believe a portion of it and reject the balance as false. *Cook v. State,* 114 *Ga.* 525 (40 S. E. 703). The circumstantial evidence in this case was sufficient to authorize the jury to reject the defendant's contention that the killing was in self-defense, and the verdict of the jury finding the defendant guilty of murder was supported by the evidence.

2. Special ground 1 assigns error because the court refused the following written request to charge: "Murder is the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either expressed or implied. You will observe from the definition, I have just given you, of murder, that, in order for the killing to amount to murder, the slayer must have been activated by malice, either expressed or implied." It is insisted that the charge was peculiarly

applicable and pertinent to the facts of the case because the defendant in his statement denied having any reason for wanting to harm the deceased; that there was no direct evidence as to who killed the deceased aside from the statement of the accused; and that the refusal to charge was prejudicial and harmful to the defendant because he was thereby deprived of the legal right, to wit, "of the burden of proof being upon the State to show beyond a reasonable doubt that defendant was activated by malice in slaying deceased."

The court in its charge gave the definition of murder, and express and implied malice, as set out in the Code. Subsequently, in charging on the presumption that might arise from the use of a deadly weapon, the court stated: "If the accused admits the killing with a deadly weapon, but adds an explanation which might negative malice, no presumption that the homicide was perpetrated with malice would arise under such admission, but it would be incumbent upon the State to prove malice before you would be authorized to convict the defendant of murder; that is, if you believe he admits killing him with an explanation that tends to negative malice, . . then there is no presumption of malice that would arise, but it would be up to the State then to prove malice to your satisfaction beyond a reasonable doubt."

The charge of the court sufficiently instructed the jury on the necessity for the State to show malice before the defendant could be convicted, and a refusal to charge in the exact language of the request does not require a reversal. *Slocumb* v. *State,* 157 *Ga.* 133 (8) (121 S. E. 116).

3. Grounds 2, 3, and 4 complain that the court erred in refusing to give certain written requests to charge, which are on the same subject and may be considered together. The requested instruction set out in ground 2 is as follows: "I charge you that murder does not consist merely in the killing of a human being; the killing must be done with malice. When the fact of the killing is shown, and the evidence adduced to establish the killing shows neither circumstances of justification nor alleviation, malice may be inferred. Likewise, if the statement of the defendant admits the homicide without explanation, malice may be inferred from such admission. But if at the time of the admission the homicide is justified, such qualification of the admission of the homicide robs it of the vital element of murder, and the burden would still be on the State to show that the killing was done with malice."

Ground 3 sets out the following requested instruction: "I charge you that, if the accused admits the killing with a deadly weapon, but adds an explanation which might negative malice, no presumption that the homicide was murder would arise from such admission."

The requested instruction in ground 4 is: "Where the evidence relied upon by the State to establish the fact of the homicide discloses circumstances of mitigation or justification, such evidence does not raise a presumption of malice, and the burden would still rest upon the State to prove malice, on the part of the slayer, beyond a reasonable doubt."

Counsel for the defendant cite *Manning* v. *State,* 153 *Ga.* 196 (111 S. E. 658), as being a case where the failure to charge the identical request set out in ground 2 was held to be error. In the *Manning* case the defendant was not given the benefit of the principle of law requested by any charge of the court. In the present case the court charged as follows: "Now I charge you, gentlemen of the jury, that ordinarily, if one kill another with a deadly weapon without justification or mitigating circumstances, the jury would have the right to presume malice, but I charge you, gentlemen of the jury, that, if the accused admits the killing with a deadly weapon, but adds an explanation which might negative malice, no presumption that the homicide was perpetrated with malice would arise under such admission, but it would be incumbent upon the State to prove malice before you would be authorized to convict the defendant of murder; that is, if you believe he admits killing him with an explanation that tends to negative malice, as I said, then there is no presumption of malice that would arise, but it would be up to the State then to prove malice to your satisfaction beyond a reasonable doubt."

The charge of the court gave the defendant full benefit of the principles of law set out in his requests to charge quoted in grounds 2, 3, and 4, and he could not have been harmed by a failure to charge in the exact language of the requests.

4. Ground 5 contends that the court erred in refusing to give in charge a written request which contained almost the exact definition of manslaughter as found in the Code, § 26-1006 (with the exception of that portion in regard to involuntary manslaughter), and practically the definition of voluntary manslaughter as found

in the Code, § 26-1007. It is insisted that such request was not covered, or substantially covered, by the general charge, that certain quoted evidence demanded it, and that the charge given on manslaughter was commingled with the law of murder.

The court charged the Code, § 26-1007, but did not charge § 26-1006. A study of the complete charge as contained in the record does not confirm the contention that the law of manslaughter was commingled with the law of murder. Section 26-1007 is an enlargement on the definition of voluntary manslaughter as given in § 26-1006, and the defendant does not show that he was harmed by the failure to charge § 26-1006.

5. Ground 6 assigns error because the court refused to charge the following request: "I charge you that justifiable homicide is the killing of a human being in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either. I charge you further, in this connection, that if you believe from the evidence or the defendant's statement that the defendant unlawfully killed the deceased to prevent a misdemeanor upon his person, or to prevent a trespass upon his person less than a felony, the defendant would be guilty of voluntary manslaughter, unless you believe him justified, under the law as given you in charge or may be hereafter given in charge, and if you believe him justified or if you have a reasonable doubt as to that, it would be your duty to give him the benefit of the doubt and acquit him of any offense."

' The first sentence of this request was given in charge by the court. The last sentence commingles and confuses the law of voluntary manslaughter and justifiable homicide, and is not a proper request. *Brown* v. *State*, 195 *Ga.* 430 (2) (24 S. E. 2d, 312).

6. Ground 7 assigns error on the refusal to give a lengthy requested charge. This request was partly inapt and inaccurate, parts of it were repetitious, and the court plainly did not err in refusing to give the charge as requested.

7. Ground 8 complains that the court erred in refusing to charge a request on circumstantial evidence. This was given in charge by the court practically verbatim, and was not commingled with any other law on the subject.

8. Ground 9 assigns error on the court's refusal to charge the following request: "The court further charges you that, where

the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. Guilt of a criminal offense must be proved beyond a reasonable doubt, and the jury can not convict upon mere conjecture or bare suspicion." It is contended that this instruction was pertinent to the facts of the case and would have aided the jury in its determination of the issues, because the State's case was predicated mainly on circumstantial evidence and suspicions of guilt. The request to charge is in the language of the headnotes in *Davis* v. *State,* 13 *Ga. App.* 143 (78 S. E. 866).

In the *Davis* case the testimony of the only witness introduced by the State presented facts which were consistent with either guilt or innocence. In the present case the State introduced uncontradicted evidence that an autopsy on the deceased showed that the bullet wounds were received in the back of his body. Other testimony given in regard to the autopsy was inconsistent with the theory of the homicide given by the defendant on the trial, that the deceased was coming on him with a beer bottle and he killed him in self-defense. It has been repeatedly pointed out by this court that the fact that certain language is contained in an opinion of an appellate court does not necessarily make it applicable to be given in charge on the trial of a case. In *Lewis* v. *State,* 196 *Ga.* 760 (27 S. E. 2d, 659), a charge very similar to the one requested in the present case was refused, and this court held in that case: "The words, 'the jury can not convict upon mere conjecture and bare suspicion,' were not adjusted to the evidence in the case. So to charge would have unjustifiably reflected upon the State's evidence, and the request was more favorable to the accused than the evidence authorized." In the present case a part of the language requested was not adjusted to the evidence, and the court did not err in refusing the charge.

9. Ground 10 asserts that the court erred in refusing to give the following request to charge: "I charge you further that suspicion alone, however well founded, has no probative value as evidence, and if from all the facts and circumstances there is raised in your minds only suspicion of guilt, it would be your duty to acquit the defendant." It is contended that this charge was perti-

nent, because the State's case was based mainly on circumstantial evidence, and because there were a number of suspicious circumstances, of no evidentiary value, which the jury possibly considered.

In *Lewis* v. *State,* supra (page 762), a similar request to charge was held not to be based on the evidence, and to constitute an unwarranted reflection upon the evidence offered by the State in that case. The same ruling would apply in the present case. The trial court properly charged the rules to be applied in testing the evidence to determine if it authorized a conviction, and it was not error to refuse this requested charge.

10. Ground 11 contends that the court erred in giving the following instruction to the jury: "You will determine that issue from the evidence introduced upon the trial, including the oral testimony of the witnesses upon the stand, and any photographs or pictures of any kind or article of any kind or thing of any kind that may have been admitted in evidence for your consideration." The vice alleged in the charge was the phrase, "and any photographs or pictures," the defendant claiming that the instruction was an expression of opinion by the court as to the weight to give such evidence, and that the undue prominence given to such class of evidence was misleading, confusing, harmful, and prejudicial to the defendant.

This excerpt from the charge does not indicate what issue was to be determined from the classes of evidence named, and it requires a study of the entire evidence to understand why any emphasis on the photographs introduced in evidence might have been harmful to the defendant. The contention that the instruction was an expression of opinion by the court as to the weight to be given to the evidence in regard to photographs and pictures is without merit. A consideration of the charge of the court contained in the record shows that, in the same sentence in which the excerpt complained of appears, the court also charged: "And you will give in your consideration, in determining that issue, such weight and credit to the statement of the defendant as you think it entitled to receive after having heard it made." It thus appears that in this sentence of the charge the court was enumerating all the classes of evidence which had been introduced before the jury, and which it was their duty to consider, and no undue emphasis was given to the testimony concerning photographs.

11. The contention in ground 12 is that the court erred in

giving the following instruction to the jury: "Justifiable homicide is the killing of a human being in self-defense or in defense of habitation, property, or person, against one who manifestly intends or endeavors by violence or surprise to commit a felony on either. There is another principle of justifiable homicide; there is another section here that provides that all other instances which stand upon the same footing of reason and justice as those just read to you shall be justifiable homicide. There is another principle of justifiable homicide to which the court will call your attention, and that is one acting under reasonable fears. The law provides that a bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man, and that the party killing really acted under the influence of those fears and not in a spirit of revenge." This instruction is claimed as erroneous because: It placed a greater burden upon the defendant than the law required, and misled the jury into believing that it was necessary for the defendant to be in defense of habitation in order for the right of self-defense to be available to him; it confused the defense of self-defense against one trying to commit a felony on the defendant, and the defense of habitation; it confused the law of self-defense against one who manifestly intends to commit a felony on another, and the law of self-defense of one acting under the fears of a reasonable man, which nullified both defenses; and it was misleading, confusing, harmful, and prejudicial to the defendant.

The defendant in a request to charge (as shown by ground 6 of the amended motion for new trial) requested the court to charge the identical language appearing in the first sentence of the excerpt contained in this ground. Therefore, the objections raised to this first sentence need not be considered, since the defendant can not complain of a charge which he has requested.

The contention that this instruction confused the law of self-defense against one manifestly intending or endeavoring to commit a felony on another, and the law of self-defense of one acting on the fears of a reasonable man, is without merit. The instructions are separated by the clause, "There is another principle of justifiable homicide to which the court will call your attention," which should have prevented the jury from confusing the two principles.

However, it would not have been erroneous even if the court had charged the principles of the Code, § 26-1012, immediately following § 26-1011. *Marcus* v. *State,* 149 *Ga.* 209 (2) (99 S. E. 614); *Bryant* v. *State,* 157 *Ga.* 195 (3) (121 S. E. 574).

Counsel for the defendant cite *Franklin* v. *State,* 146 *Ga.* 40 (90 S. E. 480), *White* v. *State,* 147 *Ga.* 377 (5) (94 S. E. 222), and *Little* v. *State,* 164 *Ga.* 509 (5) (139 S. E. 37), in support of the contentions made in this ground. In each of those cases the court charged § 26-1014 in immediate connection with §§ 26-1011 and 26-1012. Since § 26-1014 applies only in cases of mutual combat, and contains a harsher rule of self-defense, the charging of this section without instructions as to when it would apply might tend to nullify the instructions in §§ 26-1011 and 26-1012. In the present case the court did not charge § 26-1014, and the cases cited by counsel for the defendant are not applicable here.

12. In grounds 13 through 29 it is contended that certain material evidence was illegally admitted by the court to the jury, over objection by the defendant, being photographs identified as exhibits "D", "E", "F", "G", "H", "I", "J", "K", "L", "M", "N", "O", "P", "Q", "R", "S", "T". In none of the grounds is any attempt made to state what the photograph shows, and it is necessary to refer to the record to make these grounds intelligible. See *Collins* v. *State,* 153 *Ga.* 96 (111 S. E. 733).

Photographs, diagrams, maps, plans, and similar items are generally admissible, when relevant, to describe a person, place, or thing, for the purpose of explaining and applying the evidence and assisting the court and jury in understanding the case. *Fulton* v. *Chouteau County Farmers Co.,* 98 Mont. 48 (37 Pac. 2d, 1025), and cases cited. The objections made to the admission of the photographs in the present case were that they were "irrelevant, immaterial, and highly prejudicial." The objections to the admission of the photographs referred to in grounds 13 through 15 do not amount to more than this. In each ground it is stated that "the inadmissibility of the evidence was beyond doubt," but no attempt is made to describe or show the contents of the photographs in order that it might be determined whether they were irrelevant, and whether they were prejudicial and hurtful to the defendant. These grounds show no cause for reversal. *Clare* v. *Drexler,* 152 *Ga.* 420 (8) (110 S. E. 176).

13. Ground 30 complains of the court's refusal to allow the State's witness, Clyde Gruber, to answer the question propounded to her by the defendant's counsel on cross-examination as follows, "Did you ever know him [the deceased] to drink whisky?" The expected answer from the witness was "that this witness knew that at times Downer did drink intoxicating whisky and beer." The witness had stated on direct examination that she was with the deceased until about 12:15 o'clock on the morning of the homicide, and that he did not take any alcoholic beverages while he was with her. It is claimed that the evidence excluded would have been a circumstance to corroborate the defendant on the point that the deceased was drinking the night that he was killed, and would have corroborated the defendant's statement.

It was not erroneous to exclude this testimony of the witness. Even if her answer had been as anticipated by counsel, the fact that at times the deceased did drink intoxicating beverages would not substantiate the defendant's statement that the deceased was intoxicated on the particular occasion when the homicide occurred. That such testimony would be a circumstance to show that the deceased might have been drinking as claimed by the defendant, is too remote to make it relevant. Compare *Perdue* v. *State,* 135 *Ga.* 279 (11) (69 S. E. 184).

14. Ground 31 assigns error on the refusal of the court to charge the following request: "Where the defendant is connected with the homicide by his statements alone, the jury must accept his entire statement if it shows justification, alleviation, mitigation, or excuse." It is contended that there was no direct evidence as to who killed the deceased except the statement of the defendant that he did it, and that his admission was coupled with a statement that would show circumstances of justification, mitigation, or alleviation, and the court should have charged the language requested.

The charge requested was not adjusted to the evidence in the present case. Statements by the defendant to two officers were admitted in evidence, which statements varied in the account given of the homicide, and the defendant in his statement on the trial of the case gave a different version of the homicide. If the court had charged the language requested, the jury would not have known which statement of the defendant to accept, and the charge would have tended to confuse them.

The instruction was not adjusted to the evidence for the further reason that there was evidence from which the jury might have connected the defendant with the homicide besides the statements of the defendant, and a considerable amount of evidence in regard to the wounds on the body of the deceased that would contradict the portion of the defendant's statements which attempted to show that the deceased was attacking him. Under such evidence the jury was authorized to accept the admission of the defendant that he killed the deceased, and to reject the statements in the admissions which would tend to justify or mitigate the killing. *Cook* v. *State,* supra. It was not erroneous to refuse to give the requested charge.

15. Ground 32 contends that the court erred in failing to give in charge to the jury the law of voluntary manslaughter as related to the doctrine of mutual combat. Neither the evidence for the State nor the statement of the defendant showed any mutual combat between the defendant and the deceased. In his statement the defendant claimed that he killed the deceased in self-defense. The evidence for the State tended to contradict this view of the homicide by testimony showing that the wounds of the deceased were all received in the back. The court did not err in failing to charge the law of mutual combat.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*