## 27164. WILSON v. THE STATE.

UNDERCOFLER, Justice. Eddie Wilson was indicted in the Fulton Superior Court for armed robbery, kidnapping and two misdemeanor offenses involving pistols.

The evidence shows that the victim was sitting in her car near Georgia State University, Atlanta, Georgia; she was waiting for her husband to be dismissed from class; the defendant entered her car with a pistol in his hand; he demanded money and took all she had; he told her he was going to rape her; and he forced her to drive the car down the expressway. After she had driven on the expressway for a short distance, the defendant had her stop the car and get out; she ran up the expressway ramp and was assisted by a motorist in calling the police. The defendant was arrested shortly thereafter in Cobb County while driving the victim's car.

The defendant was convicted of armed robbery, kidnapping and the two misdemeanor offenses. He was sentenced to ten years for armed robbery and ten years for kidnapping to run consecutively. He was sentenced to twelve months on each misdemeanor charge which sentences were to run concurrently.

The defendant appeals. *Held:*

1. The appellant contends in enumerations of error Nos. 1 and 2 that venue was not proved. There is no merit in this contention. The victim positively testified that the offenses occurred in Fulton County, Georgia.

2. The appellant contends in enumeration of error No. 3 that the trial judge became a prosecutor in the case and expressed an opinion by the tone of his voice in asking the medical witness several questions about the mental condition of the appellant.

We have carefully examined the questions propounded by the trial judge and conclude they are not subject to these objections. "The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the

extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character." *Gillis v. Bowman,* 132 Ga. 762 (1) (64 SE 1096); *Marcus v. State,* 149 Ga. 209 (6) (99 SE 614); *Johnson v. State,* 169 Ga. 814 (2) (152 SE 76); *Cobb v. State,* 185 Ga. 462 (2) (195 SE 758); *Kalb v. State,* 195 Ga. 544 (25 SE2d 24). The tone of voice of a trial judge is not reviewable. *Williams v. State,* 170 Ga. 886 (3) (154 SE 363). This enumeration of error is without merit.

3. Enumeration of error No. 4 states that the court erred in failing to charge robbery by intimidation. Appellant argues it was demanded by the evidence and as a matter of law is a lesser included offense. *Code Ann.* § 26-1902 provides: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The offense robbery by intimidation shall be a lesser included offense in the offense of armed robbery." Ga. L. 1968, pp. 1249, 1298; 1969, p. 810. The evidence in this case does not authorize a charge on robbery by intimidation. The cases of *Hensley v. State,* 228 Ga. 501 (2) (186 SE2d 729) and *Bloodworth v. State,* 216 Ga. 572 (118 SE2d 374), relied on by the appellant, do not require such a charge under the circumstances here. There is no merit in this contention.

4. Enumeration of error No. 5 contends that the trial court erred in refusing to charge the jury that "The act itself may be so utterly senseless and abnormal as to furnish satisfactory proof of a diseased mind." *Wilson v. State,*

9 Ga. App. 274, 281 (70 SE 1128); *Brown v. State,* 228 Ga. 215 (184 SE2d 655). The trial court fully charged on the law of insanity and did not err in refusing the requested instruction. There is no merit in this contention.

5. Enumeration of error No. 6 contends that the district attorney's statement, "Your Honor, I object to this continuing, to go into this. It's trying to get the defendant to testify without putting him on the stand," was an improper statement and a mistrial should have been granted. There is no merit in this contention. *Massey v. State,* 226 Ga. 703, 704 (177 SE2d 79).

*Judgment affirmed. All the Justices concur.*
SUBMITTED MAY 9, 1972—DECIDED JUNE 15, 1972.

*Glenn Zell, B. L. Spruell,* for appellant.

*Lewis R. Slaton,* District Attorney, *Richard E. Hicks, Joel M. Feldman, James H. Mobley, Jr., Isaac Jenrette, Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Courtney Wilder Stanton, W. Hensell Harris, Jr.,* Assistant Attorneys General, for appellee.