## 50233. POTTS v. THE STATE.

PANNELL, Presiding Judge.

This is an appeal from conviction for escape from custody.

1. When objection to a question on cross examination is made but later withdrawn and the question is answered, no harmful error is shown. *Mitchell v. Schofield's Sons Co.,* 19 Ga. App. 201 (1) (91 SE 275). Here, the record shows that defendant's counsel had thorough cross examination relating to the answer.

2. Where an indictment for murder, the verdict of voluntary manslaughter and sentence of 18 years is introduced to show proper confinement in a trial for escape, and proper instructions are given by the judge limiting it to confinement only, the introduction of such evidence is not prejudicial nor does it put the defendant's character in evidence so as to require a reversal of his conviction of escape.

3. Where defendant contends that he was under the influence of drugs, voluntarily or involuntarily, and he escapes from prison and stays out for six days before recapture, the jury is entitled to infer from the time he was out, that he had an intent to escape. The evidence as to

intention is sufficient. *Biddy v. State,* 127 Ga. App. 212 (1) (193 SE2d 31).

4. Where the trial court errs in the charge to the jury on involuntary intoxication as a defense and confuses the jury, but upon the jury returning to the courtroom and asking a recharge on intoxication and intent, and the judge properly charges then at that time, the error is rendered harmless. "Harm as well as error must be shown to authorize a reversal by this court. As was held in *Brown v. City of Atlanta,* 66 Ga. 71, 76 : 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' " *Robinson v. State,* 229 Ga. 14 (1) (189 SE2d 53).

5. The defendant alleges error on the exclusion of evidence of "loss of good time," taken from him because of his escape, in the sentencing portion of his trial. The granting and taking of good time is an administrative action of the correctional system of Georgia. This action is upon sentences then being served and does not relate to the imposition of a sentence after conviction. See Georgia Laws, Acts 1956, pp. 161, 178 and amendments thereto, as shown by Code Ann. § 77-320.

As this action is for control and rehabilitation of inmates and cannot be considered as permanent punishment under the above Act, it was not error for the judge to exclude evidence as to it.

6. The evidence was sufficient for conviction. The trial judge did not err in refusing to grant a new trial.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued February 4, 1975 — Decided April 8, 1975.

*Al Bridges,* for appellant.

*Richard Bell, District Attorney, Calvin A. Leipold, Assistant District Attorney,* for appellee.