## 54616. ATLANTA ARMY & NAVY STORE, INC. v. STUCKMAN.

SHULMAN, Judge.

Appellant, a wholesaler of military surplus equipment, contracted with appellee to sell him all its stock of a certain type of equipment in a particular warehouse. Appellee brought this suit for breach of that contract, alleging he had received only one half of what he contracted to buy and had paid for. This appeal is from a judgment based on a jury verdict for appellee.

1. Both sides in this case relied on an invoice showing a purchase price of $9,000 for one lot of selected equipment, one trailer load of equipment, and the "remainder" of that type of equipment "currently in inventory." Appellee testified that he was told that the two lots specified constituted one-half of the goods he had purchased. Appellant now complains that admission of that parol evidence was error, contending that the writing was complete and unambiguous. Appellee's testimony was admissible under Code Ann. § 109A-2—202 (b) as an explanation of the writing "by evidence of consistent additional terms," i.e., the understanding of the parties as to the quantity indicated by use of the word "remainder."

2. Two enumerations of error complain of the admission of testimony as to value of undelivered goods and as to breach of contract covering undelivered goods. Our review of the record did not reveal any improper testimony on those issues and appellant ". . . failed to cite where in the record this evidence could be found. See Rule 18 (a) (1), Rules of the Court of Appeals of the State of Georgia. Accordingly, this enumeration of error is unsubstantiated and we find it to be nonmeritorious." *North Peachtree I-285 Properties Ltd. v. McCleskey*, 136 Ga. App. 434, 435 (221 SE2d 614).

3. Appellant contends that a charge on Code Ann. § 20-1404, authorizing expenses of litigation in certain instances, was not supported by the evidence which showed the existence of a bona fide dispute. It is unnecessary to decide that issue, however, because the only two elements of the verdict which could be ascribed to that charge, attorney fees and punitive damages, were

removed by the trial court. Even if giving the charge were error, appellant has shown no harm done him thereby and consequently has shown no cause for reversal. *Potts v. State,* 134 Ga. App. 512 (4) (215 SE2d 276).

4. Denial of appellant's motion for directed verdict is enumerated as error. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a)." *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). The evidence in this case on the quantity of goods covered by the contract was in sharp conflict and denial of appellant's motion was correct.

5. The jury returned a verdict for appellee and the trial court made that verdict (as modified by the trial court; see Division 3 of this opinion) the judgment of the court. Appellant asserts that both the verdict and the judgment are contrary to law and the evidence. We have already held that the other enumerations of error in this appeal show no errors of law and appellant has not indicated in what manner the verdict and judgment are otherwise contrary to the law.

"After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. [Cit.]" *Brown v. Nutter,* 125 Ga. App. 449 (1) (188 SE2d 133). The evidence for appellee, that he contracted for and paid for all of appellant's stock of a certain type of goods but only received half, is sufficient to support the verdict (as modified) and the judgment based thereon.

*Judgment affirmed. Smith and Banke, J J., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED NOVEMBER 14, 1977.

*Parks, Eisenberg, Weinstein & Glassman, Bruce R. Glassman, David S. Eisenberg,* for appellant.

*Chalker & Silliman, Robert B. Silliman,* for appellee.