## 58373. HALL v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction in a jury trial for violation of the Georgia Controlled Substances Act. *Held:*

1. During the trial an expert witness from the State Crime Laboratory testified that the substance in question was marijuana. After counsel for both sides had finished their examinations of the witness, the state requested to excuse her with no objection by the defense. At that time the weight of the marijuana had not been established. Without excusing the witness the trial judge asked

counsel to confer with him at the bench, where he called attention to the fact that the weight of the marijuana had not been proven. The judge later testified at a hearing on a motion for a new trial that his purpose was to inquire whether he missed the testimony as to weight or whether it was something to be presented since the witness was the logical one to testify on that subject. At the end of the bench conference the state, by further examination of the witness, established the weight of the marijuana as being in the felony rather than the misdemeanor amount. No objection to the judge's conduct or motion for a mistrial was made. A motion for a new trial because of the judge's conduct was denied by another judge.

All of the enumerations of error are based on the judge becoming an advocate for the state by assisting the prosecution and making a comment by implication which expressed an opinion to the jury in violation of Code Ann. § 81-1104, which prohibits a judge from expressing or intimating his opinion as to what has or has not been proven. We find that the judge did not become an advocate for the state or in any way express or intimate an opinion to the jury that the weight of the marijuana had not been proven when he made his inquiry of counsel out of their presence. What a judge can do directly he can do indirectly, for "[t]he trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion." *Wilson v. State,* 229 Ga. 224 (190 SE2d 78). The motion for a new trial was properly denied.

2. Although the judge did not commit error by his inquiry, the failure of the defendant to object to his conduct or to move for a mistrial also estops him from raising error on appeal. *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 11, 1979.

*Linda S. Sheffield,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.