### 63707. BARLOW v. THE STATE.

SOGNIER, Judge.

Escape from confinement. Barlow appeals on the general grounds and also contends the trial court erred by admitting, over objection, evidence of appellant's bad character.

1. The evidence established that appellant was confined

lawfully at the Middle Georgia Correctional Institution in Hardwick, Georgia. He was discovered missing from a work detail about 3:00 p.m., February 13, 1980 and was apprehended on February 18, 1980 by a police officer near Milledgeville, Georgia. Appellant had not been released from confinement at the time he was discovered missing, and admitted that he just walked away from the Correctional Institution. Although appellant testified that it was his understanding that he was to serve just under six months of his two (2) 12-month sentences, he had not been discharged from confinement by anyone with authority to do so at the time he walked away. Appellant argues that he had no criminal intent, and thus the evidence does not support the verdict. Appellant was gone for five days before his apprehension, and the jury is entitled to infer from the length of time he was gone that he had an intent to escape. *Potts v. State,* 134 Ga. App. 512 (3) (215 SE2d 276) (1975). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to admit, over objection, certified copies of his original crime and conviction as it placed his character in issue. This issue has been decided adversely to appellant. *Potts,* supra, at 512 (2).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 16, 1982.

*Hulane E. George,* for appellant.
*Joseph Briley, District Attorney,* for appellee.