## 66002. KILLIAN v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of escape from the Cobb County Public Works Camp. On appeal he contends (1) that the evidence is not sufficient to support the verdict; (2) that the trial court erred in certain rulings on objections during the testimony of witnesses; (3) that the trial court erred by denying his motion for a directed verdict of acquittal; and (4) that the trial court erred by instructing the jury on flight in its recharge to the jury.

Appellant was serving a 24-month sentence for public drunkenness in the Cobb County Public Works Camp. On October 5, 1981 he was a member of a work detail moving the law library from the Cobb County Judicial Building to new facilities in the Public

Safety Building. Appellant went behind the Judicial Building to have a drink of liquor and two men in a van asked appellant to join them and share their liquor. When appellant was discovered missing a search was initiated but he could not be found. He was arrested at his home on October 22, 1981 and returned to the work camp. Appellant testified and acknowledged that he was absent and had no authority to leave the work detail. However, he claimed that he became drunk and passed out in the van, and when he regained consciousness he was in Huntsville, Alabama. He took a bus to Chattanooga, Tennessee the following day, and subsequently returned to his home in Whitfield County, Georgia. He testified that he had no intent to escape.

1. The evidence is sufficient to support the verdict. Appellant judicially confessed to leaving the work camp without authority. Although appellant testified that he did not intend to escape, the question of criminal intention is for the jury, not the court, *Jerome v. State,* 143 Ga. App. 649 (239 SE2d 541) (1977), and the jury decided that issue against appellant. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

In view of our finding as to sufficiency of the evidence, it follows that it was not error to deny appellant's motion for a directed verdict of acquittal.

2. During deliberation on the verdict the jury asked the court to clarify the "charges concerning alcohol in regard to this criminal act." The jury also asked: "Does intent pertain only to October 5th or does this include the entire period from October 5th to October 22nd?" After recharging on voluntary intoxication and its effect on the ability to form a specific intent to escape, the court recharged the jury on intent. The court also charged the jury, over objection, on flight and the inference of guilt, if any, to be drawn therefrom. Appellant contends that it was error to charge the jury on flight because the charge was confusing; the charge related to an inference of guilt drawn from a defendant's flight to avoid arrest or prosecution; and the charge did not relate to the specific intent necessary to establish guilt of a charge of escape. This enumeration is without merit.

In *Jeter v. Jones,* 135 Ga. 22 (3) (68 SE 787) (1910) it was held: "Where, after they had retired for consideration of the case, the jury returned and requested a recharge on a certain question, it was not error that the judge, after instructing them on that subject, did not strictly confine himself to it, but also charged on another issue in the case." See also *Marcus v. State,* 149 Ga. 209, 210 (5) (99 SE 614) (1919); *Hyde v. State,* 196 Ga. 475, 491 (8) (26 SE2d 744) (1943). In the instant case the trial court recharged the jury on intent and the effect

of voluntary intoxication on the ability to form a specific intent. The court gave the charge on flight to assist the jury in determining appellant's intent during the period of time he was absent.

The evidence established that appellant was gone for a period of 17 days and was returned to custody involuntarily. In a similar case where the defendant contended he was under the influence of drugs at the time of his escape, we held that when a person escapes from prison and stays out for six days before recapture, the jury is entitled to infer from the time he was absent that he had an intent to escape. *Potts v. State,* 134 Ga. App. 512 (3) (215 SE2d 276) (1975). Thus, contrary to appellant's assertion, his flight to Alabama, Tennessee and ultimately back to his home in Georgia had a definite bearing on whether appellant intended to escape. Accordingly, the trial court's charge on flight was proper to assist the jury in its decision on the issue of appellant's intent. *Potts,* supra; *Biddy v. State,* 127 Ga. App. 212 (1) (193 SE2d 31) (1972).

3. The remaining enumerations of error, all of which relate to objections during trial, are without merit.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1983.

*Robert E. Bach,* for appellant.

*Thomas J. Charron, District Attorney, Thomas A. Cole, Nicolette S. Templer, Assistant District Attorneys,* for appellee.