## HUBBARD *v.* THE STATE.

SIMMONS, C. J.   Where in a criminal case the vital issue of fact is whether or not the alleged crime was committed within the period of the statute of limitations, and the judge, while a witness for the State is on the stand, carries him through a rigid examination upon this point, eliciting from the witness answers which fail to establish the time when the crime was committed, the witness giving answers to the effect that it may or may not have been perpetrated within the period of the statute of limitations, it is error for the judge, when the witness has finally brought the time within the statute, to remark within the hearing of the jury, "That is sufficient."   This, under the circumstances of the case, might be fairly construed as such an expression of opinion on the evidence as, under section 1032 of the Penal Code, imperatively requires the grant of a new trial.                               *Judgment reversed.   All the Justices concurring.*

Argued June 19, — Decided July 18, 1899.

Indictment for selling liquor.   Before Judge Reese.   Hart superior court.   March term, 1899.

*W. L. Hodges, B. W. Boyd,* and *J. P. Roberts,* for plaintiff in error.

*R. H. Lewis, solicitor-general,* by *Harrison & Bryan,* contra.

---

## BRANDON *v.* THE STATE.

FISH, J.   A conviction of a felony was unwarranted, where the only witness implicating the accused in the crime was himself avowedly guilty, and the circumstances proved did not tend to connect the accused with the offense.                               *Judgment reversed.   All the Justices concurring.*

Argued June 19. — Decided July 18, 1899

Indictment for simple larceny.   Before Judge Russell.   Gwinnett superior court.   March term, 1899.

*N. L. Hutchins Jr., John R. Cooper,* and *Oscar Brown,* for plaintiff in error.   *C. H. Brand, solicitor-general,* contra.