## VARNER *v.* WESTERN AND ATLANTIC RAILROAD COMPANY.

LITTLE, J. It was, in the trial of an action against a railroad company to recover damages for personal injuries, material error against the plaintiff for the judge, who had given otherwise a proper charge to the jury, to incorporate therein the following: "·In this case, gentlemen, or in any other, where you want to give something as a gift, you take it out of your own pocket and not out of the pocket of some one else, and where you want to disregard somebody's rights, disregard your own rights. In other words, let's have fair play about it." As the plaintiff was seeking to obtain a verdict against the defendant and the defendant was seeking to prevent a recovery, the language used was susceptible of the construction by the jury that a verdict for the plaintiff would be a gift by them of some part of the defendant's property to the plaintiff. Aside from the error pointed out, there was nothing in the rulings of the court, excepted to, which would be cause for a new trial.

Judgment reversed. All the Justices concurring, except

SIMMONS, C. J., dissenting. In this case, which was an action against a railroad company, the charge of the trial judge contained the following : "It is not a question of who is the plaintiff and who the defendant, but a question of what is the truth of the case and what is right under the law. If the plaintiff, gentlemen, is entitled to recover, you ought to find for him ; and if he is not entitled to recover, you ought to find for the defendant. If we were to take up one of these cases and the jury should simply say one party was a negro and the other was a railroad, or one was a white man and the other was a railroad, or one was a woman and the other was a railroad, and push the case through court in that way, or some such outside consideration as that, something that is foreign entirely to the merits of the case, it would be a very poor consideration in the determination of any matter, and nobody would have any security for their rights. So, it brings us back to what I say : you take the case and consider it as fair and honest men who want to do right about it. If this plaintiff, as I have said, is entitled to recover, you will find a verdict for him, and if he is not entitled to recover, you will find against him. In this case, gentlemen, or in any other, where you want to give somebody something as a gift, you take it out of your own pocket, and not out of the pocket of some one else, and where you want to disregard somebody's rights, disregard your own rights. In other words, let's have fair play about it." The last two sentences, taken in connection with the entire charge and especially with that portion which immediately preceded them, were not reversible error. No intelligent juror could have understood this portion of the charge as anything other than an instruction to be fair and impartial and a caution against bias and prejudice, and such instruction and caution were eminently proper. The expressions used were not happily chosen, but they could not have been misunderstood to the prejudice of the rights of either party, and are, for that reason, not sufficient cause for the grant of a new trial.

Argued June 13, — Decided August 1, 1899.

Action for damages. Before Judge Gober. Cobb superior court. October 31, 1898.

*Morris & Green*, for plaintiff.
*Payne & Tye* and *Clay & Blair*, for defendant.