## SMITH v. THE STATE.

COBB, J. The only assignment of error in the petition for certiorari which was insisted on in this court being that the verdict in the county court was contrary to the evidence, and the evidence, though circumstantial, being sufficient to authorize the verdict, there was no error in overruling the certiorari.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*

Submitted December 15, 1902.—Decided January 10, 1903.

Certiorari. Before Judge Reagan. Henry superior court. November 1, 1902.

*E. F. Weems,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

---

## HODGE v. THE STATE.

LITTLE, J. 1. Where, on the trial of one indicted for selling liquor to a minor, the evidence relied on for a conviction was the testimony of the minor; and where it was sought to impeach this witness by evidence tending to show that the witness, against whom an indictment for some offense was then pending, had, before the trial, stated that the prosecuting officer of the court had agreed to quash the indictment pending against the witness and pay him a sum of money in addition if he would testify that he bought whisky from the accused then on trial, it was error to charge the jury, in substance, that the prosecuting officer had no authority to hold out such inducements to the witness, without the consent and approval of the court. Such an error demands a new trial; for the charge was susceptible of the construction that the judge meant thereby to intimate that the prosecuting officer did not in fact hold out such inducements, because he had no authority to do so without the court's consent. By the Civil Code, § 4334, it is made the duty of the Supreme Court to order a new trial in any case where it appears that the trial judge expressed or intimated an opinion as to what had or had not been proved. See *Chattanooga Railroad Company* v. *Swafford,* 113 Ga. 363; *Acme Brewing Co.* v. *Central Railroad Co.,* 115 Ga. 495, 502.

2. Other than as above indicated, there was no merit in any of the assignments of error made in the motion for a new trial.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*

Submitted December 15, 1902.—Decided January 10, 1903.

Accusation of misdemeanor. Before Judge Robinson. City court of Wrightsville. November 15, 1902.

*E. L. Stephens* and *J. L. Kent,* for plaintiff in error.

*B. B. Blount, solicitor,* contra.