## SWINDELL & COMPANY *v.* ALABAMA MIDLAND RAILWAY COMPANY.

The evidence offered to establish the fact that the fire was communicated to the property of the plaintiff by the engine of the defendant was entirely circumstantial, but was of such a character as to authorize a finding that the fire was so communicated. If this fact were established, the law would raise a presumption that the defendant was negligent, and it was error to grant a nonsuit.

Argued May 20, — Decided June 15, 1905.

Action for damages. Before Judge Bower. City court of Bainbridge. September 6, 1904.

*A. L. Townsend* and *A. H. Russell*, for plaintiffs.

*Kay, Bennet & Conyers* and *T. S. Hawes*, for defendant.

COBB, J. When this case was here before (117 *Ga.* 883), it was said that the evidence disclosed a case very similar to that of *Southern Ry. Co.* v. *Pace*, 114 *Ga.* 712. In the latter case the evidence for the plaintiff was altogether circumstantial, but was sufficient to raise a presumption of negligence; though this presumption was completely rebutted by the testimony for the defendant. The evidence for the plaintiff in the present case

is substantially the same as it was before, and therefore did not authorize the grant of a nonsuit. There was evidence from which a jury could find that the fire was communicated to the plaintiff's property from the defendant's engine; and if this fact was established, the law would raise a presumption of negligence against the company. If upon another trial the evidence for the plaintiff and the defendant is in substance the same as it was when the case was before this court at the March term, 1903, the judge would be authorized to direct a verdict for the defendant. But even under the ruling then made, a nonsuit was improper.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*