## 5224.   NOBLES v. THE STATE.

RUSSELL, J.   1. Although the trial judge has the right to examine witnesses, the utmost caution should be used to avoid impressing the jury by the examination, and when in a criminal case it appears that there is a probability that the circumstances, or the form of the examination, conveyed to the jury an intimation of the court's belief in the guilt of the accused, a new trial should be granted. When the questions as asked by the trial judge tend to discredit the witness or his testimony, or to suggest to the jury the inference that the court entertains an opinion unfavorable to the innocence of the accused, the effect may be as prejudicial to the defendant as the direct expression of an opinion, and places the case within the provisions of section 1058 of the Penal Code. Extreme anxiety to develop the truth as to facts which, if proved, will be peculiarly beneficial to one of the parties in the case and correspondingly detrimental to the other can easily be mistaken by the jury for a manifestation of the judge's conviction that one party rather than the other should prevail. *Sharpton* v. *State,* 1 *Ga. App.* 542 (57 S. E. 929); *Brown* v. *State,* 11 *Ga. App.* 164 (74 S. E. 1002); *Murphy* v. *State,* ante, 431 (79 S. E. 228).

2. The questions asked the State's witness by the trial judge, after the solicitor-general and the defendant's counsel had both completed their examination of the witness, naturally tended to impress, unfavorably to the accused (though the trial judge did not intend that effect), those circumstances which indicated guilt, and perhaps further prejudiced the defendant by conveying the impression that the court believed much more could perhaps be proved against him if the witness could be induced to make the disclosure. .

3. Except as above stated, there was no error in the trial. The evidence was sufficient to convict the accused on both counts, or would warrant a verdict of not guilty. *Flahive* v. *State,* 10 *Ga. App.* 401 (73 S. E. 536).
                                                    *Judgment reversed.*

DECIDED OCTOBER 29, 1913.

Indictment for sale of liquor; from Laurens superior court—Judge Hawkins. September 5, 1913.

J. S. Adams, for plaintiff in error.

E. L. Stephens, solicitor-general, contra.