19701. COOK *v.* THE STATE.

Decided July 9, 1929.

*Ben Smith, E. O. Blalock, J. D. Blalock,* for plaintiff in error.

*H. C. Morgan, solicitor-general,* contra.

BLOODWORTH, J. J. P. Cook and others were indicted for burglary. Upon the trial of the case a verdict of guilty was rendered; a motion for a new trial was' overruled, and to this ruling Cook excepted.

Special ground 2 of the motion for a new trial alleges that the trial judge erred in that during the trial the following occurred: "Q. By the court: What is your best recollection about it? A. My best recollection is that I did not tell him' that. I did tell him, though, that I had evidence sufficient to convict him, and I did have. Q. By counsel: Well, you have not convicted him yet. A. Well, I am just saying what I told him. The court: Well, that is just what we are doing now—trying the case." It is contended that "the above statement of the court was highly improper, erroneous, and prejudicial to the movant, and amounted to an absolute statement by the court that the movant was then being convicted, and that the court was taking an active part in the conviction. It will be noted that the court even used the expression 'we' in connection with the statement that the defendant was being

convicted at that time. The statement was highly prejudicial to the defendant, and was an absolute expression on the part of the court that the result of the trial should be a conviction of the defendant, and that the proof being produced was then convicting him." Section 4863 of the Civil Code of 1910 provides that a judge of the superior court during the progress of a case shall not "express or intimate his opinion as to·what has or has not been proved, or as to the guilt of the accused," and a violation of this section "shall be held by the Supreme Court to be error, and the decision in such case shall be reversed and a new trial granted in the court below." In *Suddeth* v. *State,* 112 *Ga.* 409 (3) (37 S. E. 748), it was held that "a violation of this rule imperatively demands the grant of a new trial under the very terms of this section." In *Sanders* v. *Nicolson,* 101 *Ga.* 739 (3) (28 S. E. 976), it was held that "such an error, according to the provisions of section 4334 of the Civil Code [section 4863 of the Code of 1910] renders the grant of a new trial imperative without reference to the correctness of the verdict." "Even in a clear case of guilt this court has no other alternative, and it desires no other, than to grant a new trial when it comes to the conclusion that the right of the defendant to have the fact of his guilt or innocence determined exclusively by the jury has been in the slightest degree infringed by judicial intimation or expression." *Taylor* v. *State,* 2 *Ga. App.* 730 (59 S. E. 12). In *Phillips* v. *Williams,* 39 *Ga.* 597, the first headnote is as follows: "Under section 3138 of the Code, it is error for the judge, in his charge to the jury, to express or intimate an opinion as to what has or has not been proved, and it is the duty·of this court to grant a new trial when such error is committed, whether, in its opinion, substantial justice has or has not been done by the verdict. The statute, which is imperative and must be obeyed, denies to the Supreme Court the discretion in this matter in sustaining a verdict rendered in accordance with the justice of the case, which it has in other cases, of immaterial errors in the charge of the judge in the court below." It is error for the judge to use "any expression that might prejudice the rights of either party. He should at all times keep safely within the positive limitations of the law as prescribed by § 4334 [now 4863] of the Civil Code." *Sharpton* v. *State,* 1 *Ga. App.* 542 (2) (59 S. E. 929); *Bowden* v. *Achor,* 95 *Ga.* 244 (4) (22 S. E. 254). It is error to violate the spirit of this

section. *Taylor* v. *State, 2 Ga. App.* 723 (3) (59 S. E. 12). "When in a criminal case it appears that there is a probability that the circumstances or the form of the examination conveyed to the jury an intimation of the court's belief in the guilt of the accused a new trial should be granted. . . Extreme anxiety to develop the truth as to the facts which, if proved, will be peculiarly beneficial to one of the parties in the case and correspondingly detrimental to the other, can easily be mistaken by the jury for a manifestation of the judge's conviction that one party rather than the other should prevail." *Nobles* v. *State,* 13 *Ga. App.* 710 (79 S. E. 861); *Grant* v. *State,* 122 *Ga.* 740 (3) (50 S. E. 946). The expression by the judge, "Well, that's what we are doing now," could easily be mistaken by the jury for a manifestation of the judge's conviction that the trial should result in a verdict of guilty. To say the least of it, it was calculated to hurt the defendant; and who can say that it did not? See *Cox* v. *State,* 13 *Ga. App.* 687 (79 S. E. 909); *Hodge* v. *State,* 116 *Ga.* 929 (43 S. E. 370). Such an error does not require a motion for a mistrial. *Potter* v. *State,* 117 *Ga.* 693 (45 S. E. 37).

█ It is insisted in ground 4 of the amendment to the motion for a new trial that the judge did intimate and express his opinion to the jury as to the weight and force of the defendant's statement by the following: "During the time that defendant was on the stand making his statement he hesitated, and Mr. Blalock, of counsel for the defense, then said, 'If it please your honor, we, of course, can't ask him any question, but could we make a suggestion?' The court: 'No, sir; it would be equivalent to questioning him.' Mr. Blalock: 'Something that he had forgotten?' The court: 'No.' Mr. Blalock: 'If you are through you can come down.' The court: 'If you are not through, go ahead if it takes the balance of the afternoon.'" It is insisted by plaintiff in error that the remark of the court, "If you are not through, go ahead if it takes the balance of the afternoon," was "highly improper and prejudicial, in that the said remark conveyed the impression to the jury that defendant was taking up and wasting valuable time of the court in making his statement, and that the statement was of small moment," that it was "direct ridicule of the defendant, and tended to hold him up to contempt, and to bring to the jury the impression that the defendant was wasting valuable time," that this remark

"made by the court in the presence of the jury detracted from the force and effect of the defendant's statement and deprived him of the constitutional right guaranteed by law," and was "highly erroneous and prejudicial to movant." A case somewhat similar to the one under consideration is that of *Jenkins* v. *State,* 123 *Ga.* 523, 529 (51 S. E. 598). In that case Justice Evans said: "Immediately after the accused had concluded his statement to the jury, he informed his counsel that he had inadvertently omitted to refer to a matter which he wished to explain to the jury—the reason he happened to be armed on the night of the homicide. Counsel asked permission of the court for the accused to make an additional statement. The presiding judge replied: 'Let him finish his statement; I never knew of one of them to get through making his statement.' Complaint is made that the language used by the judge in granting the privilege asked not only stripped it of all benefit to the accused, but had the effect of creating the impression upon the jury that, in the opinion of his honor, what the accused might say in his defense was entitled to little weight and he had already consumed, to no purpose, much of the valuable time of the court. The remark of the court certainly may have had that tendency. It was discretionary with the judge whether or not he should allow the accused to supplement his statement (*Owens* v. *State,* 120 *Ga.* 209 [47 S. E. 545]; *Johnson* v. *State,* Id. 509 [48 S. E. 199]); but if the indulgence were granted at all, it should have been accorded in terms which would give to the accused the benefit he sought, and not create any unfavorable impression against him. So much importance is attached to the prejudicial influence upon a jury which an unguarded remark by the presiding judge may have upon them, that it is provided by statute (Civil Code, § 4434) that a new trial shall be granted in every case, whether civil or criminal, whenever he shall, during the progress of the trial and in the presence of the jury, either express or intimate his opinion as to what has or has not been proved. The duty of noncommittal which this statute imposes upon a presiding judge has been heretofore clearly pointed out. *Hubbard* v. *State,* 108 *Ga.* 786 [33 S. E. 814]; *Varner* v. *R. Co.,* Id. 813 [34 S. E. 166]; *Jaques* v. *State,* 111 *Ga.* 832 [36 S. E. 104]; *Alexander* v. *State,* 114 *Ga.* 266 [40 S. E. 231]; *Potter* v. *State,* 117 *Ga.* 693 [45 S. E. 37]. The right of the accused to make to the jury a statement

in his defense is one conferred by express statute (Penal Code, § 1010), and that statute declares the jury 'may believe it in preference to the sworn testimony in the case.' To disparage his statement, which the jury could believe in preference to the sworn testimony, is to deprive him of the substantial right of having the jury pass upon it uninfluenced by the expression or intimation of any opinion by the judge that it is entitled to little or no consideration. So, in *Alexander's* case, supra, this court held he was entitled to another trial because of the fact that the trial judge inadvertently, during the course of his charge to the jury, made use of language which was 'calculated to impress the jury that they ought to be cautious in giving credit to what' the accused said concerning the alleged offense. In *Smith* v. *State,* 109 *Ga.* 479 [35 S. E. 59], the accused rested his sole defense, which he sought to establish by his statement and corroborating evidence, upon the theory of accidental homicide; and he was accorded another opportunity of presenting that defense to the jury without the 'implied judicial disapproval' which was cast upon it by the remark made by the presiding judge, when he merely incidentally referred to this defense before concluding his charge to the jury. In the present case the sole defense of the accused was that of self-defense, and he relied almost altogether upon his statement for the establishment of the same. The prejudicial remark of the court, though lightly made, may have had undue weight with the jury. Even had the judge instructed the jury to disregard it, 'no man could dare say they were not thereby influenced, to some extent at least,' and the caution given to the jury not to allow it to affect their verdict could not be regarded as removing its harmful tendency. *Alexander* v. *State,* 114 *Ga.* 266 [40 S. E. 231]. Another opportunity to present his defense is the only way in which one accused of crime may be effectually guarded against the hurtful tendency of such a remark coming from the lips of the judge himself. *Potter* v. *State,* 117 *Ga.* 693 [supra]. *And this being true, it is not, as was held in that case, incumbent on the accused to move for a mistrial, as he is reasonably to be expected to do when remarks to his prejudice are made by the State's counsel or others connected with the trial over whom the judge may exercise direction and control.* 'The law gives to one accused of crime the absolute guarantee of a new trial in the event he is deprived of a fair and impartial trial by reason of the fact that the judge before

whom he is convicted commits the grave error which the above-mentioned section of our code declares can in no case be overlooked or forgiven. It is not within our province to change the law.' Ibid. 698." (Italics ours.) In addition to the above the judge expressed his opinion that certain articles enumerated in ground 17 of the motion, which were admitted in evidence, had been identified, when in truth several of them had not been so identified. The principal announced in the *Jenkins* case and in the cases cited in the preceding headnote seems controlling in this case. See *Grant* v. *State,* 122 *Ga.* 743 (50 S. E. 946).

■ A ground of the motion for a new trial assigns error in admitting in evidence an alleged confession of the accused. The confession was offered and was objected to as a whole. A large portion of this confession was admissible, and the court committed no error in admitting the whole of it. *Buffington* v. *State,* 33 *Ga. App.* 163 (4) (125 S. E. 723); *Barnard* v. *State,* 119 *Ga.* 436 (3) (46 S. E. 644), and cit.

■ When rulings in the foregoing cases are applied to the facts of this case, it is clear that the court erred in refusing to grant a new trial. As a new trial is ordered, the assignments of error not disposed of above need not be considered, as these errors are not likely to recur on another trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*