## 27785. SPRINGER *v*. THE STATE.

DECIDED SEPTEMBER 22, 1939.

*Boykin & Boykin, Willis Smith,* for plaintiff in error.
*Robert D. Tisinger, solicitor,* contra.

GUERRY, J. In an accusation made and filed February 11, 1939, the defendant was charged with illegal sale of whisky. The affidavit on which the accusation was based was dated February 11, and alleged that the offense was committed on February 4, 1939. There was evidence for the State that the defendant sold whisky on February 4, and on subsequent dates before February 11. The defendant was subject to trial and conviction on any evidence of a sale within two years before the filing of the accusation. In *McLane* v. *State,* 4 *Ga.* 335, 341, it was said: "It may be stated as a general rule, that the time when an offense is alleged to have been committed in an indictment will not be considered as material, so it be previous to the finding the indictment," and within the statute of limitations. *Wheeler* v. *State,* 4 *Ga. App.* 325 (61 S. E. 409); *Cripe* v. *State,* 4 *Ga. App.* 832 (62 S. E. 567); *Shealey* v. *State,* 16 *Ga. App.* 191 (84 S. E. 839). The accusation was for selling whisky. There was evidence that the defendant at various times was in unlawful possession of whisky. This evidence was admissible as a circumstance from which the jury might infer that the accused kept whisky for sale, and thus strengthen the evidence as to the alleged sale. *Craig* v. *State,* 9 *Ga. App.* 233 (70 S. E. 974); *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156); *Jenkins* v. *State,* 24 *Ga. App.* 542 (101 S. E. 691). Complaint is made that the court charged the jury that it was unlawful to possess whisky in Carroll County, except under specified conditions, and that it was also unlawful to have any quantity of liquor for sale. When read in its entirety the charge does not make it clear that the defendant was being charged with the unlawful sale of liquor, but seems to indicate that its unlawful possession would also authorize the jury to find the defendant guilty of selling. As stated above, evidence as to the possession of certain amounts of whisky, at other times and on other occasions within two years of the filing of the accusation, may be considered

by the jury as a circumstance or a corroboration of evidence that a sale had taken place. Considered alone it will not support a conviction on an accusation which alleges only a sale.

The court closed the charge to the jury with this statement: "I charge you, gentlemen, that under the law of this State it shall not be unlawful for any person to have and possess, for use and not for sale in any county of the State, one quart of the liquors and beverages described in this charge. In other words, gentlemen, it is illegal in Carroll County, Georgia, for a person to have any quantity of liquor for the purpose of sale. He might have one quart, provided it has the proper revenue stamps, for his own personal use. You may retire and make up your verdict." Such a charge evidently left the jury under the impression that they could convict the defendant of selling whisky by proof alone that he possessed whisky illegally, or that he possessed it for the purpose of sale and not for his own use. Especially is this true when the judge stated in his charge that the defendant was charged "with the offense of violating the liquor laws of this State." Evidence of the possession of whisky may be admissible as a circumstance corroborating other evidence of a sale. Such evidence will support a conviction on a charge of possessing, but it is insufficient, in and of itself, to support a charge of selling intoxicating liquor. For this reason we think the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*