### 35370. HUNTER *v.* THE STATE.

DECIDED OCTOBER 20, 1954—REHEARING DENIED NOVEMBER 30, 1954.

*Swift Tyler, John Tyler,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, C. O. Murphy,* contra.

TOWNSEND, J. The special grounds of the petition for certiorari, not being argued, are treated as abandoned. The evidence, construed in its light most favorable to support the verdict of guilty, was substantially as follows: Two deputy sheriffs testified that they stationed themselves in a wrecked automobile on a car lot, at a point where they faced the front of the defendant's house, which was a distance of 300 or 400 yards from them across a vacant lot and across a street. There was a vacant house on the near side of the street to them and about 300 feet from the defendant's house, and from their position they could observe the back and side of this house. They saw the defendant come out of his house, go into two houses beyond the vacant house, in each of which he stayed only a few minutes, and then come back to the vacant house, where he made motions indicating that he was taking something from his pocket, placing it in something he extracted from beneath the porch sill of the vacant house, and then replace it beneath the porch. He went in another direction and the witnesses lost sight of him, but he soon returned and repeated the same motions of placing something in a container under the porch of the vacant house, then returned to his own home. The witnesses drove around the block, being out of sight of the house for two minutes or so, but less than five minutes. They saw no other person around the house at any time. On investigation they found under the porch, at the place where they had seen the defendant, a tomato can which contained lottery paraphernalia, and no other object whatever. They then went to the defendant's house and arrested him. He was wearing the same clothes he had on when they observed

him in the street. There was no one else at his house so far as they saw, and they did not find any lottery equipment on the defendant or at his lodgings.

It is contended that this evidence, being circumstantial, is not enough to exclude every other reasonable hypothesis save that of guilt. The term "hypothesis" as used in Code § 38-109 refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act. *Wrisper* v. *State*, 193 *Ga.* 157, 164 (17 S. E. 2d 714), and cases cited. The evidence here is sufficient to support the verdict. See *Green* v. *State*, 86 *Ga. App.* 890 (1) (72 S. E. 2d 771). This case and the *Green* case differ from *Goss* v. *State*, 82 *Ga. App.* 533 (61 S. E. 2d 570), cited by the plaintiff in error, in that in these cases the defendant was seen with an article which, retrieved shortly thereafter and under circumstances negativing the theory that it had been tampered with by others, proved to contain lottery tickets, whereas in the *Goss* case the tickets, although found under the defendant's car, were never connected up directly with the defendant, and might have been lying in the street for any length of time before the defendant drove his car up and parked it. The same reasoning applies to *Ball* v. *State*, 72 *Ga. App.* 45 (32 S. E. 2d 912), and other cases cited in the brief of counsel for the defendant.

The verdict of guilty was authorized, and the judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*