45280.   BOYD v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for larceny of a tractor and from the denial of his motion for a new trial.

1. The evidence showed that a tractor disappeared from the place it was parked between late afternoon of one day and late morning of the next; that defendant had a truck in his possession during that time period; that tire tracks identical to those made by this truck were found at a spot where the tractor tire marks ended; and that the pattern of both sets of tracks and the topography of this spot indicated the tractor was loaded onto the truck. The evidence, while circumstantial, is sufficient to support the verdict.

2. As the evidence showed the value of the tractor to be more than $50, the court did not err in failing to charge on the punishment of simple larceny as a misdemeanor.

3. Defendant was not harmed by the court's failure to charge *Code Ann.* § 26-2603 (A,1) (motor vehicle theft) as this section actually provides for a greater punishment than the section charged by the court or the sentence defendant received.

4. Prosecutor's testimony that his tractor had a particular serial number (because the documents he received when he purchased it listed this number) is sufficient to prove the identity of the alleged stolen tractor as described in the indictment.

*Judgment affirmed. Jordan, P. J., Eberhardt, Pannell and Whitman, JJ., concur. Bell, C. J., Deen, Quillian and Evans, JJ., dissent.*

SUBMITTED APRIL 14, 1970—DECIDED JULY 31, 1970.

*J. Laddie Boatright,* for appellant.

EVANS, Judge, dissenting. This is an appeal from a judgment denying the appellant's motion for new trial after his conviction of the offense of larceny of a farm tractor and sentence to serve two years in the penitentiary. The indictment was returned in 1968 prior to the effective date of the new Criminal Code. The case was heretofore reversed on the sole issue of whether or not the evidence was sufficient to support the verdict, but on motion for rehearing this judgment was vacated and set aside because the majority of the court now feels the evidence was sufficient to support conviction. To this judgment of affirmance and the majority opinion I cannot agree, since the conviction was obtained by circumstantial evidence alone.

The evidence showed (1) a tractor is missing, but when and where it was last seen is uncertain; (2) tractor and truck tire marks similar to the tractor and a truck borrowed by the defendant on or about the time of the alleged larceny were found two or three days after the tractor was last used near where the tractor was apparently last seen; and (3) the defendant had borrowed a truck making similar tire marks for the purpose of hauling farm implements and was seen with farm implements thereon, but no tractor was seen on the truck. However, here again, the time element as to the exact time the truck was borrowed by the defendant and allegedly used in stealing the tractor is also vague and uncertain. This evidence showed the defendant could have stolen the tractor, that is, if the tractor has been stolen—at least it is missing. But all of this testimony used to connect the accused is merely circumstantial evidence that he could have stolen the tractor. To warrant conviction these facts must be (1) consistent with

the hypothesis of guilt; and (2) shall also exclude every other reasonable hypothesis save that of the guilt of the accused. It does neither. No doubt other persons could have stolen the tractor, including the owner of the truck. The State must show to a moral certainty that it was the defendant's act. See *Code* § 38-105; *Hunter v. State,* 91 Ga. App. 136 (85 SE2d 90). The evidence here shows much more than a bare possibility that someone else may have done the act, if the act of larceny occurred. The evidence does not exclude every reasonable doubt save the guilt of the accused. See *Code* § 38-109; *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714); *Adams v. State,* 25 Ga. App. 190 (102 SE 902); *Pinkston v. State,* 46 Ga. App. 666 (168 SE 789).

The State claims the time element was sufficient to exclude all hypotheses save the guilt of the accused. The testimony shows: One Friday evening in September, 1968, an employee of the owner of a Ford tractor drove the tractor under a big tree near a barn on *the Talley Hall place.* The tractor was not there when he returned "that Monday." He testified further: "Q. Elias, did you see any tracks or any signs of anything? A. Well, I just saw where the tractor turned and went that a'way (indicating)—and that's all I seen. Q. Now, which way is that you're indicating? A. Well, I had the tractor turned up dis' a' way (indicating). A. Ah hah. A. And de signs turned and went back round dis' a' way (indicating) and went back down the road. Q. All right now, what road are you talking about? A. That road what comes up to that lot and turns to go dis' a' way (indicating)."

Another witness testified that he was hired to feed some mules *on Mr. Marvin Giddens' place* one Saturday, and a tractor was not there that Saturday afternoon "about one or two o'clock" *last year about this time or a little earlier,* as the district attorney suggested in his questioning of the witness, *the trial occurring October 31, 1969.* The witness also testified as follows: "Q. So far as you know it might have been parked out there somewhere, mightn't it? A. Well, I didn't see ary 'un. Q. I know it, but that's not what I'm asking you, is it? (no response). Q. You've already said you didn't see one. A. No, sir. Q. And I'm asking you did you look for one to be parked around out there anyway? Anywhere? A. No, sir, I didn't. Q. Did you know if the man had brought it back from the

repair place? A. Well, I didn't know where they'd—I didn't know where they'd—where they'd park it there, or where they'd left it in the woods. I didn't know where it was at. Q. In fact, you didn't know or think about a tractor, did you? A. No, sir. Q. On that Saturday? A. No, sir." The sum and substance of his testimony was that he did not see a tractor when he went to feed some animals (two mules, or a mule and a horse) on a Saturday "about this time or a little earlier," i.e., October 31, 1968.

The owner testified that his tractor was missing on a Sunday night, and he checked for signs the next morning as follows: "And so, I went out there a' lookin' for signs where somebody—you know, might have made 'em a' leadin' it. And I found signs where a truck had been backed down in the ditch—it was not on a hard road—it was an old dirt road that went up close to the house where it was parked. And the dirt was plain; and there was a sign where the truck had backed down in the ditch, and the ditch was not very deep; and there was where the tractor had pulled around; and there was a little stump there—it's still there." He then testified he reported it to the sheriff who called in the GBI. The sheriff testified that he made an investigation of the alleged stolen tractor on September 22, 1968, along with the GBI agent who testified that an investigation was made "around the 23rd of September, 1968." Whether or not the investigation was made on Monday, September 23, 1968, all of this testimony involves the investigation of tire and tractor tracks made some two or three days before, and the above is given to show the possible variations of the time element.

The owner of the truck borrowed by the accused testified as follows: "Q. Have you, at any time, let anyone else use this truck? A. Yeah, I've loaned it out on several occasions. Q. I will ask you if you recall the occasion back in September of 1968 loaning this truck to anyone? A. Yes, I loaned it to Carl. Q. Carl who? A. Carl David Boyd. Q. When did you loan your truck to him? Do you recall? A. The best of my—well, it was on a Friday—the best I remember, about noon when he left my place with the truck."

The very nature of the circumstantial evidence used to show that the accused could have stolen the tractor—such as a missing tractor on a Friday, Saturday or Sunday in September or October,

1968, by the use of a truck borrowed "on a Friday" back in September, 1968, and evidence that the tire marks of the truck used to remove the tractor matched this particular truck, is such that it fails to warrant conviction, since all of these facts must be (1) consistent with the hypothesis of guilt; and (2) shall also exclude every other reasonable hypothesis save that of the guilt of the accused. Since it does neither, I cannot vote to affirm the judgment.

I am authorized to state that Chief Judge Bell and Judges Deen and Quillian join me in this dissent.