## 28144. JACOBS v. CALDWELL.

PER CURIAM. This appeal is from a habeas corpus judgment remanding the appellant to custody.

The appellant contends that his constitutional right of due process of law was violated in the convicting court because a portion of the court's charge to the jury shifted the burden of proof to him, the accused.

The appellant was convicted by a jury of burglary and received a sentence of twenty years.

The portion of the court's charge that is now attacked on constitutional grounds was as follows: "Now, the recent possession of goods under such circumstances may raise an inference of guilt on the part of defendant, and, unless such recent possession is satisfactorily explained, the responsibility being on the defendant to make such explanation, may authorize you to identify the defendant as the guilty party and convict him."

This court has consistently upheld such a charge. In *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202), this court held: "The possession of recently stolen goods, unaccounted for, raises an inference that the possessor is the one who stole the goods, and if the accused does not want this inference to arise in his case, he must

account for his possession. [Cits.]"

The appellant's complaint about the charge given in the convicting court is without merit.

Having reviewed the record, we also find that the other enumerated errors are without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED AUGUST 3, 1973 — DECIDED JANUARY 28, 1974.

Oscar Benjamin Jacobs, *pro se.*

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

GUNTER, Justice, dissenting. My position is that it is constitutionally impermissible in a criminal case for the court to charge the jury that the accused has the burden or the responsibility to prove anything. The burden is upon the state in a criminal case to prove the guilt of the accused beyond a reasonable doubt.

A burden-shifting charge to a jury in a criminal case rises to the level of constitutional error because it amounts to a denial of due process of law. The Supreme Court of the United States has said: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 368).

The instruction to the jury in this case was, in my opinion, a burden-shifting charge, and I think it was constitutionally erroneous.

I respectfully dissent. I am authorized to state that Justice Ingram joins in this dissent.