## 51455. WORKMAN v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of burglary.

1. The corpus delicti was established by evidence that the resident of the burglarized premises had resided there on and before October 15, 1974; that on that date he left his home in a secured condition at approximately 6:45 p.m. and returned at approximately 11:30 p.m. to find a door to his house pried open and several items missing, including a shotgun later recovered and identified; and that he had given no one authority to enter his home. The possibility that the burglary occurred sometime after the resident last saw his shotgun on October 13 and before the October 15 date alleged in the indictment, does not vitiate the conviction, the offense in that event having occurred within the statute of limitation. See *Springer v. State,* 60 Ga. App. 641, 642 (4 SE2d 679) and cits.

The shotgun linking the defendant to the burglary was identified by its owner by reference to a document on which he had personally recorded the serial number, and by the police by a comparison of the serial number with the number appearing on the offense report, pursuant to the provisions of Code § 38-1707. This was sufficient identification of the shotgun and the state was not required to actually introduce the gun in evidence.

The verdict and judgment were authorized by the circumstantial evidence that, a short time after the burglary, a witness purchased the stolen gun from "them" (referring to the defendant and a co-defendant), and that the defendant was present with the co-defendant both when the gun was first discussed and shown to the witness and when it was sold to him. To set aside the conviction it is not sufficient that the circumstantial evidence show that "the act might by bare possibility have been done by somebody else" (*Hunter v. State,* 91 Ga. App. 136, 138 (85 SE2d 90)), but it must exclude every *reasonable* hypothesis save the guilt of the accused, which is primarily a question for determination by the jury. *Townsend v. State,* 115 Ga. App. 529, 531 (154 SE2d 788). The trial judge properly charged on sole, joint, actual and

constructive possession and the jury was authorized to find from the evidence such recent possession of the stolen gun as would support the guilty verdict. The trial judge did not err in entering the judgment on the verdict and in overruling the motion for a new trial on the general grounds and the motion for a directed verdict of acquittal. Enumerated errors 1 through 10 are without merit.

2. Enumerated errors 11, 12 and 13 complain that the trial judge left his position of impartiality during the trial, resulting in an unfair trial for Workman. After witness Pounds had testified that he had bought the shotgun from the defendant and the co-defendant, the trial judge was not intimating his opinion on the evidence when he stated, "I don't see how it could be any clearer. He's stated what he told the police and has stated to the jury what happened, and now *the ultimate question is with the jury*." (Emphasis supplied.) Nor did the judge exceed the bounds of propriety in questioning the defendant as to why state's witness Pounds went on his bond, after defense counsel had elicited testimony that the defendant didn't even know Pounds (T.39), yet that Pounds had gone on the defendant's bond. Furthermore, defense counsel stated that he himself had had this same question on a list to ask the defendant, but had failed to do so. These enumerations of error are without merit, none of which revealing improper judicial conduct. See generally *Wilson v. State,* 229 Ga. 224 (2) (190 SE2d 78); *Ingram v. State,* 134 Ga. App. 935 (7) (216 SE2d 608) and cits.

3. The trial judge did not err, as contended in enumerations of error 14 and 15, in permitting the state to question the defendant on cross examination as to whether he had made any attempts to locate supporting alibi witnesses, and to comment on the defendant's failure to adduce such testimony in the state's closing argument. See *Vaughn v. State,* 126 Ga. App. 252 (11) (190 SE2d 609) and cits.; *Quaid v. State,* 132 Ga. App. 478, 486 (2) (208 SE2d 336) and cits.

4. The trial judge did not err, as contended in enumeration of error 16, in failing to charge the jury without request, the necessity of corroboration for the testimony of an accomplice. (See *Payne v. State,* 135 Ga. App. 245(1) (217 SE2d 476)). There was no evidence that

state's witness Pounds was a co-conspirator with the appellant and his co-defendant in the commission of the burglary. His conduct of calling the police on the day of his purchase to determine if the guns were stolen, refutes any contention that he was an accomplice. Even if he could be found to have been an accessory after the fact, this would not make him an accomplice. *Ford v. State,* 232 Ga. 511 (7) (207 SE2d 494).

5. The charge, to the effect that the unsatisfactorily explained possession of recently stolen goods is a circumstance which, along with other evidence, raises an inference of guilt, was not erroneous as a burden-shifting charge, as contended in enumeration of error 17. See *Jacobs v. Caldwell,* 231 Ga. 600 (203 SE2d 188) and cit.; *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251).

6. The portion of the charge complained of in enumeration of error 18 did not authorize the jury to infer possession without proof thereof by the state. It contained the instruction that the jury would have to be convinced "beyond a reasonable doubt that this defendant had actual or constructive possession either alone or jointly with others of the fruits of this recent burglary, and that his possession had not been satisfactorily explained to you."

7. In enumeration of error 19 it is contended that the trial judge committed reversible error in considering prejudicial rumor, innuendo and incompetent evidence about the defendant-appellant during the sentencing phase of the trial, no evidence of aggravation having been submitted by the state.

Specifically, the following transpired: "Mr. Philips [defense counsel]: . . . we would also like for the court to consider that the defendant has no prior record. The Court: I've heard the name, Workman, somewhere. I'd like to know where. Mr. Philips: Your Honor, as far as I know, there is no prior record on the young man. The Court: I understand, but I'm asking what my contact has been with this defendant. Mr. Philips: Your Honor, he's scheduled for a trial on possession of marijuana in the future. The Court: Well, perhaps that's what it was. Mr. Smith [the prosecutor]: If Your Honor is inquiring as to where you've heard the name before, I'd be glad to state in

my place where it is. Mr. Philips: I'd like to object, Your Honor. The Court: All right. Go ahead, Mr. Smith. Mr. Smith: Your Honor, he was charged earlier this year, 1974, with a theft-type offense. I do not know if it was burglary or theft by taking — I feel that it was burglary. Your Honor heard a motion to suppress and granted the motion to suppress. The Court: Well, that would not be held against him. I am only interested in any convictions that he might have been — Mr. Philips: No convictions, Your Honor. The Court: All right, then, that would not be considered by the court. I was only interested in any conviction."

Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503), provides in part, that during the sentencing phase, "only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible." Where the record has shown that illegal evidence has been considered in the presentence hearing, the appellate courts have generally granted a new trial on the issue of punishment (rehabilitation?). See e.g., *Clenney v. State,* 229 Ga. 561, 563 (192 SE2d 907); *Fowler v. State,* 132 Ga. App. 812 (209 SE2d 255) and cits.; *Harrison v. State,* 136 Ga. App. 71 (2) (220 SE2d 77). Compare *Ingram v. State,* 134 Ga. App. 935, 940 (8) (216 SE2d 608), in which it was held, "Nevertheless, there is a presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision (*McBryde v. State,* 34 Ga. 202, 204)." In *Ingram,* the court held that the practice of the judge of relying on information that is not from his own personal observation, is improper and specifically disapproved, yet not harmful error. See also *Jones v. State,* 233 Ga. 662 (212 SE2d 832). In *Harrison,* supra, p. 72, we pointed out that "[t]he recently decided case of *Knight v. State,* 133 Ga. App. 808 (2) (212 SE2d 464) held that 'the mention of the prior, allegedly defective convictions, was not harmful to the defendant, since the judge, as the sentencer, discounted their effect in fixing the sentence.'"

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Webb and Marshall, JJ., concur. Evans and Clark, JJ., dissent.*

SUBMITTED OCTOBER 30, 1975 — DECIDED JANUARY 22, 1976 — REHEARING DENIED FEBRUARY 19, 1976 — 

*Grogan, Jones & Layfield, Ben B. Philips,* for appellant.

E. *Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney,* for appellee.

EVANS, Judge, dissenting.

This is a burglary case in which victim's home was broken into and numerous items were missing, including a shotgun, later recovered and identified. I concur fully in Divisions 1, 3, 4, 5, and 6, and in the result of Division 7, although I do not agree to all that is said therein. I dissent as to Division 2. My view as to the enumerations of error set forth in Division 2 would require the grant of a new trial.

It is quite clear that during the examination of witnesses here, the court embarked upon an inquisitory examination of certain witnesses in which the court abused its power and departed from being the trial judge and sought to prosecute the case; that is, take the case away from the assistant district attorney representing the state. The result of such attitude on the part of the trial judge was an unfair trial for the defendant.

Code Ann. § 81-1009 applies to the court just as it applies to counsel, and neither counsel nor the court may make improper remarks in the presence of the jury. If counsel's conduct in so doing is erroneous, a fortiori, the court's conduct is even more improper and more harmful. See *Jefferson v. State,* 80 Ga. 16 (2) (5 SE 293); *Jenkins v. State,* 123 Ga. 523 (3) (51 SE 386); *Thompson v. State,* 203 Ga. 416, 419 (47 SE2d 54).

Here defendant's counsel was attempting to question a witness and the court stated: "I don't see how it could be any clearer. He's stated what he told the police and has stated to the jury what happened and now the ultimate question is with the jury." This language is argumentative and violates the law with respect to the judge's making argumentative remarks in the presence of the jury. See *Alexander v. State,* 114 Ga. 266 (1) (40 SE

231); *Potter v. State,* 117 Ga. 693, 695 (45 SE 37); *Gillis v. Bowman,* 132 Ga. 762 (1) (64 SE 1096); *Hubbard v. State,* 108 Ga. 786 (33 SE 814); *Varner v. W. & A. R. Co.,* 108 Ga. 813 (34 SE 166). This was an expression by the court of what the evidence showed. This statement was highly improper.

Another example of how the court improperly injected itself again into the examination of the defendant is as follows: "All right, Mr. Workman, you've testified that you had heard that Mr. Pounds had a reputation for being a fence for stolen goods. Mr. Philips has asked you who went on your bond, and you said Mr. Pounds did. Can you explain to the jury why he went on your bond?" Again, this was highly improper since it implied improper conduct and activity of the defendant in securing a bondsman. The trial judge has the right to propound questions to any witness for the purpose of developing the truth of the case, but the court should not imply, express, or intimate an opinion on the facts of the case, and, of course, the same should not be argumentative in character. See *Wilson v. State,* 229 Ga. 224 (190 SE2d 78). When the examination of witnesses by the trial judge is detrimental to the defense and in any manner leads to the conclusion as to the defendant's guilt or innocence, it would deprive him of a fair trial. *Dunn v. State,* 123 Ga. App. 607 (182 SE2d 317). See also in this case Code of Judicial Conduct, Canons 2A and 3A (3), 231 Ga. A-3.

The transcript in *Ingram v. State,* 134 Ga. App. 935, 939 (7) (216 SE2d 608) was not set out, so we have no way to compare that case to this, but from my examination of the testimony shown above, the trial judge departed from a position of impartiality during this trial to the extent that an unfair trial resulted.

I therefore dissent and would vote to grant a new trial in this case.

I am authorized to state that Judge Clark concurs in this dissent.