66635. SUTTON v. THE STATE.

BIRDSONG, Judge.

Felix Sutton was convicted of first degree arson (burning his own home) and sentenced to twelve years with three to serve, followed by nine on probation. Sutton brings this appeal enumerating four alleged errors, all of which, however, complain of the sufficiency of the evidence to support the findings of guilt. *Held:*

The facts in pertinent part show that on the night of the fire,

which for all practical purposes destroyed appellant's home, no member of Sutton's family was present in the home. Twelve plastic containers were strategically placed throughout the house with most being in the back portion. These containers apparently each contained five gallons of gasoline. Gasoline was splashed onto the carpets of the house and a trail of gasoline was poured from the interior of the house to a point approximately 40 feet from the front door. At about 3:30 a. m., a newspaper carrier passed the house and noticed nothing out of the ordinary. Twenty-five minutes later while returning on the next street, the carrier observed the entire rear of the house engulfed in flames. Firemen arriving on the scene noted a fire burning near a tree in the front yard approximately 40 feet from the house and a trail of burned grass and scorched dirt leading from the fire in the front yard to the interior of the house. A strong odor of gasoline was smelled in the yard and eventually in the house. An explosion apparently had occurred within the house blowing glass many feet into the yard and blowing off their hinges both the front and back doors. Based upon the above, there is no real contention that the evidence failed to establish the first two prongs of arson, i.e., that a non-accidental fire had occurred and that the fire was criminal in agency. The only real question raised by appellant both at his trial and on this appeal is that the evidence is insufficient to show that the criminal agency causing the fire was the appellant himself.

The facts contributing to such a causal relationship and advanced by the state were based wholly upon a circumstantial connection. The state showed that the home was fully insured both as to the house and its contents. Sutton was seriously in debt, with his home mortgage being in default and legal action being contemplated by the lender. A consent judgment had been taken against him on another debt. A third debt was in arrears and efforts had been made by the creditor to effect collection.

It was shown that Sutton frequently visited a daughter in a nearby regional mental hospital at the times the daughter was committed. This had occurred several times over the past several years. Likewise, Sutton had a son who lived in Augusta and sometimes Sutton stayed overnight when visiting his son. It was clear that Sutton and his wife did not stay with the son when staying overnight. They usually stayed in a motel instead. Over the past two years or so when Sutton visited his daughter or son, normally he kept two dogs penned up in a fenced area in the rear of the house. On this particular occasion while visiting the daughter, differing from past custom, the two dogs had been boarded with a veterinarian. After the fire, an investigator opined that as with other similar home fires, there seemed to be the removal of some of the family personal

belongings such as pictures of relatives, silverware and jewelry. Though there was some of each of these present in the home after the fire, it was the opinion of the investigators that less of these items were present than in a normal residence which had suffered an accidental fire. Furthermore, though Sutton established that on the night of the fire he and his wife were registered in a motel in Augusta, there was no showing that it was impossible for him to have been present at and thus to have been the incendiary origin of the fire. Lastly, on cross-examination of the appellant, the state showed that on earlier occasions at least three or four other structures owned by Sutton had been burned. On one of these, he had collected a small insurance return. On others, though there was no insurance involved, the state argued that foreclosure or default was averted by the destruction of the buildings.

Following the close of the state's evidence, Sutton moved for a directed verdict of acquittal. The denial of this motion constitutes the principal thrust of appellant's appeal. In its order denying a motion for new trial based upon the same ground, the trial court observed the jury was authorized to conclude from the evidence that Sutton was a middle-aged man in poor health, seriously in debt, facing creditor judgments and legal action threatened by the holder of his home mortgage; that the home was fully insured in an amount more than sufficient to offset the entire indebtedness, that normal family heirlooms usually found in a home such as family photos, silverware, and jewelry, were not found in the normal quantity in the ruins; that the family dogs normally penned in the backyard were boarded on this occasion, a practice not usually followed when Sutton was visiting his children over a weekend; and that other Sutton property threatened with foreclosure or suffering financial difficulties had been burned. Sutton admitted that he knew of no one who would have had any reason to cause or have been benefited by the fire. Lastly, Sutton did not exclude the possibility of his culpability.

To set aside a conviction based upon circumstantial evidence, it is not sufficient that the circumstances show that the act might by bare possibility have been done by someone else. *Hunter v. State,* 91 Ga. App. 136, 138 (85 SE2d 90). However, the evidence must exclude every reasonable hypothesis save the guilt of the accused. *Workman v. State,* 137 Ga. App. 746 (1) (224 SE2d 757). Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis except the guilt of the appellant ordinarily is a question for the jury. An appellate court has no yardstick to determine what in a given case is a reasonable hypothesis except to rely upon the informed and weighed conclusions of twelve (eleven in this case) intelligent jurors.

These jurors observed and heard the witnesses and were best qualified to judge the reasonableness of an hypothesis raised by the evidence than is this court which is restricted to resolving issues of law. *Estep v. State,* 154 Ga. App. 1 (267 SE2d 314).

In this case the jury was fully informed that if confronted with two equally plausible (reasonable) theories, one consistent with guilt and the other innocence, the jury was required to return a verdict of innocence. While the verdict of guilty was not demanded, it was not necessary for the state to prove that it was impossible for the offense to have been committed by anyone else, or that it might not by bare possibility have been done by another. *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125). The jury was required to find that the only reasonable explanation was one consistent with Sutton's guilt. These same rules were applicable to the trial court in its consideration of the motion for a directed verdict of acquittal. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). Considering that this court must review the evidence and construe it in a light most favorable toward affirming the conviction (*Watts v. State,* 239 Ga. 725, 727 (1) (238 SE2d 894)), we discern no error in the denial of the motion by the trial court (*Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743)). In determining the sufficiency of the evidence to support the denial of the directed verdict of acquittal, we are permitted and have considered all evidence, including that offered by Sutton. *Hearn v. State,* 145 Ga. App. 469, 470 (243 SE2d 728).

Moreover when we add to the factors above delineated (which point ineluctably toward appellant's guilt), the additional fact that the criminal burning of his house, in the first instance at least, would inure only to his benefit, we conclude that such evidence authorized a verdict of guilty against him. *Griffin v. State,* 133 Ga. App. 508, 511 (211 SE2d 382). Under the totality of the evidence, we conclude that any rational trier of fact could find proof of each of the essential elements of the crime charged beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 23, 1983.

*Charles B. Merrill, Jr., William J. Neville,* for appellant.
*Richard A. Malone, District Attorney,* for appellee.