68977. WORRELL v. THE STATE.
(328 SE2d 232)

McMurray, Presiding Judge.

This appeal is from defendant's conviction of burglary. The evidence presented by the State against the defendant was entirely circumstantial. The jury found the defendant guilty, and the trial judge sentenced him to serve 15 years. In his two enumerations of error, the defendant challenges the verdict arguing that it is not supported by the evidence.

On November 30, 1981, the duplex apartment of Douglas Norman was burglarized and several items of stereo equipment were taken. The burglary occurred sometime between 4:00 or 5:00 a.m. and 12:00 noon, while Norman was at work. The evidence showed that the defendant fled to Eufaula, Alabama on the evening after the burglary, and, several weeks later, he was arrested in Alabama and charged

with the crime.

At the time of the burglary, the defendant lived with his sister, Mary Johnson and her son, in the other half of the duplex where Norman lived. The defendant's sister testified that defendant did not come home the night before the burglary and that he appeared the following morning as she "was going out the door" to work, about 7:00 o'clock. Ms. Johnson's son, Terry Davis, testified that the defendant came in about 7:30 on the morning of the burglary.

The defendant's testimony is unclear and conflicting. He indicated that on the night before the burglary, he left work (time unspecified), went to an unnamed ex-girl friend's house (the ex-girl friend did not testify), and then returned home (time unspecified), where he watched television and went to bed. He further testified that at 7:30 a.m. the next morning his sister awakened him and asked him to make sure her son, Terry Davis, went to school. On rebuttal, Ms. Johnson testified that she did not talk to the defendant at all concerning her son Terry.

At about 10:15 on the morning of the burglary a neighbor saw a 1968 or 1969 green Chrysler Newport being loaded by two men with stereo equipment. Several weeks later the victim "was just walking down [in Baker Village] and . . . ran up on the car," which was owned by Herman Blair. Blair testified that on the morning of the burglary the defendant approached him seeking to pawn some stereo equipment for $200 which was later identified as items taken from Norman's apartment. Blair testified that he went with defendant to a vacant house next door to the defendant's home, inspected the equipment and loaned defendant $200 on the equipment. Blair also testified that the defendant's nephew (Terry Davis) was present during the negotiations and helped the defendant load the equipment into the trunk of Blair's automobile.

The defendant admitted being the go-between in the sale of the stereo equipment to Blair on the morning of the burglary, but denied burglarizing Norman's home. The defendant stated that Sammy White, an otherwise unidentified party, brought the stereo equipment over to the vacant house next door to defendant's sister's home on the afternoon before the stereo equipment was missing from Norman's apartment. The defendant stated he received $25 for being the go-between in the sale of the equipment for White.

At this point, it is important to note that during the investigation of the case the defendant talked to the police concerning other parties that were involved in the crime but he never mentioned Sammy White's role in the burglary. The first time this defense was brought to the State's attention was at trial. The defendant did not call Sammy White as a witness.

Upon cross-examination, the defendant admitted knowing that

the victim owned a large amount of stereo equipment and that Norman was not at home on the morning of the burglary. The defendant said he knew the victim's comings and goings because his bedroom was located right over Norman's apartment and he observed him leave for work on several occasions. Finally, when confronted as to why the defendant left the State the evening of the burglary, he said that he had a misunderstanding with his sister and she asked him to leave. *Held*:

The defendant urges us to reverse the trial court on the general grounds.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The question of whether every other reasonable hypothesis has been excluded is generally for the jury. However, the trial court is authorized to take the case from the jury and direct a verdict of acquittal if the State clearly fails to meet its burden. See *Muckle v. State*, 165 Ga. App. 873 (303 SE2d 54). See also OCGA § 17-9-1. On the other hand, "[a]n appellate court has no yardstick to determine what in a given case is a reasonable hypothesis except to rely upon the informed and weighed conclusion of twelve . . . intelligent jurors." *Sutton v. State*, 168 Ga. App. 139, 141 (308 SE2d 421). This conclusion is based on the premise that jurors who are able to hear and observe the witnesses are best qualified to judge the reasonableness of an hypothesis raised by the evidence than is this court, which is restricted to resolving issues of law. See *Sutton v. State*, 168 Ga. App. 139, supra at page 142.

In *Porter v. State*, 155 Ga. App. 883 (273 SE2d 644), the accused was found to be in possession of property stolen in a recently committed burglary. At trial, he explained that a person to whom he owed a drug debt had ordered him to retrieve the stolen goods from a wooded area in a vacant lot near the scene of the crime. This court held that evidence that an accused has been found in possession of property stolen in a recently committed burglary is sufficient to sustain his conviction for the burglary in the absence of a reasonable or credible explanation for his possession of the property. See *Evans v. State*, 138 Ga. App. 460 (226 SE2d 303); *Allen v. State*, 146 Ga. App. 815 (247 SE2d 540). In *Porter v. State*, supra, this court concluded that the jury was entitled to reject the defendant's explanation.

In the case sub judice, the jury was presented with two theories of who committed the burglary. Therefore, it would be incumbent upon this court to reverse the jury's conviction only if there is no conflict in the evidence. However, there were several inconsistencies in the defendant's testimony which the jury obviously found to be implausible and the undisputed evidence shows defendant was in pos-

session of stolen goods a short time after the burglary. This court must review the evidence and construe it in a light most favorable toward affirming the conviction. *Sutton v. State*, 168 Ga. App. 139, 142, supra. See *Robinson v. State*, 168 Ga. App. 569, 570 (1) (309 SE2d 845). Considering the totality of the evidence, we conclude that any rational trier of fact could reasonably find proof of each of the essential elements of the offense of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Sutton v. State*, 168 Ga. App. 139, supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1985.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.